### W. T. BROWN v. THE STATE.

#### No. 3615.    Decided February 28, 1906.

**Permitting Gaming—Insufficiency of Evidence.**

Where upon trial of defendant charging him with permitting gaming in a house under his control, the evidence showed but one occasion of gaming, and there was no proof that he authorized or permitted gaming in the house under his control, but that his testimony excluded this fact, the evidence was not sufficient to sustain the conviction.

Appeal from the County Court of Tarrant. Tried below before the Hon. R. F. Milam.

Appeal from a conviction of permitting gaming in a house under defendant's control; penalty, $50.

The opinion states the case.

*Wynne & McCart, Bowlin & McCart,* for appellant.—On question of want of knowledge or consent: Robinson v. State, 15 Texas, 311;

Mitchell v. State, 34 Texas Crim. Rep., 311; Stewart v. State, id., 33; Miller v. State, 35 id., 650; Ellar v. State, 39 S. W. Rep., 665.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with permitting gaming in a house under his control. The evidence shows that E. B. Brown & Co., of which appellant was a member, rented the house known as the Palais Royal, in the lower story of which they carried on a saloon business; and the second story was kept as a billiard and pool hall. Two witnesses testify that they were in the pool hall, playing, and noticed some parties pass up the stairway, to the third story, and they visited that portion of the house. In one room they found a crap game in progress, in which they indulged for half an hour. In another room they saw parties sitting around a table, with cards in their hands, but did not know what game they were playing. It is shown that E. B. Brown & Co. had rented this house, and had occupied the lower portion of it under this rental contract for some years. The State's evidence shows definitely that appellant was not present at the time the witnesses visited the rooms where the crap game and the cards were being played. It was about 10 o'clock at night. Appellant testified in his own behalf, to the fact that E. B. Brown & Co. had the place rented, and occupied the lower story as a saloon; and the second as a billiard and pool hall, and they rented out the rooms which composed the third floor to other parties; and they had been so rented for two years prior to the time spoken of by the witnesses for the State; that they were rented for bed rooms, and that the parties who rented them occupied and used them as bed rooms, and that if games of cards or any other gambling was carried on there he was not aware of it; that he did not visit the saloon or place of business at night, but remained at home and was not there on the night mentioned by the witnesses. In fact his testimony excludes the idea of knowledge on his part that gambling was being carried on in the rooms mentioned. The occasion mentioned is the only one in which any gambling was shown to have been indulged. The State fails to prove that he authorized or permitted gambling, and his testimony excludes that fact. We do not believe this evidence justifies the conviction. Wherefore the judgment is reversed and the cause remanded.

*Reversed and remanded.*