WILEY RAINBOLT v. THE STATE.

No. 3620.   Decided March 7, 1906.

**Permitting Minor to Play Pool—Sufficiency of Evidence—Knowingly.**

Where upon a trial for permitting a minor to play pool in defendant's place of business, the evidence showed that the alleged minor was 19 years of age and that he had played several games of pool in defendant's place of business,

without consent of the minor's father, the evidence was sufficient to convict under the Act of the Twenty-ninth Legislature 1905, page 105, and it was not necessary that the act was knowingly done.

Appeal from the County Court of Nolan. Tried below before Hon. A. B. Yantis.

Appeal from a conviction of permitting a minor to play pool in defendant's place of business without consent of parent; penalty, a fine of $20.

The opinion states the case.

No brief on file for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with permitting a minor to play pool in his place of business, in violation of the act of the last Legislature (Acts 1905, p. 105). The evidence is that appellant had rented the property in which the minor (Claude Campbell) played several games of pool with appellant's knowledge and consent. Howard Campbell (father of Claude) testified that he had not given his consent for Claude to play pool in said house. The evidence shows that Claude Campbell was 19 years of age. It is contended that this evidence is not sufficient. Why it is not sufficient is not stated. We think it is sufficient. The word "knowingly" is not contained in the statute cited supra.

It was also contended that the court should have instructed the jury to return a verdict of not guilty, because there was not sufficient evidence to support the conviction. The court did not err in refusing such instruction under the above facts. Finding no error in the record, the judgment is affirmed.

*Affirmed.*