° Ex Parte Jim Love.

No. 3405.　Decided March 14, 1906.

**1.—Local Option—Grand Jury—Recess—Discharge—Indictment—Habeas Corpus.**

A grand jury has a right to take a recess under the terms of the statutes for the time prescribed thereby, and where the recess is for a longer time it must be done under the authority of the court. Where a grand jury recessed from May 27 until the 19th of June following by authority of the court entered on the minutes of the court, there was no error.

**2.—Constitutional Law—Grand Jury Must Consist of Twelve Men.**

By the terms of the Constitution a grand jury is composed of twelve men, no more and no less; and an indictment presented by a grand jury composed of any other number is a nullity and incapable of conferring jurisdiction upon any court in this State, and objections to such indictment are fundamental and jurisdictional and available at any time with or without exception; and even a conviction under such illegal indictment can be set aside under proceeding of writ of habeas corpus. But, nine members of the grand jury may return a bill.

**3.—Same—Excusing or Discharging Grand Juror.**

The rule is that neither the grand jury nor the court can excuse a member of the grand jury after it has been legally organized, and the power of the district court is limited to a discharge of the entire grand jury.

**4.—Same—Case Stated.**

Where a grand jury of twelve men was empanelled and thereafter under the order of the court recessed for several weeks, and only eight jurors reassembled the others being detained by reason of swollen streams and one of them on account of sickness, the court had no power to discharge said sick juror and empanel another to take his place.

**5.—Same—Legal Indictment.**

Where the court discharged a grand juror on account of sickness and empaneled another person in his stead to act with the balance of the grand jury, and such person was only with the grand jury from three to five minutes and no case was considered or discussed and no action taken by vote or otherwise before such person was discharged from the grand jury; and a quorum of the regular grand jury thereafter indicted defendant for a violation of the local option law. Held, that the empaneling and discharge of said person did not affect the action of the regular constituted grand jury, and that the indictment returned against defendant was properly returned and filed.

From Cherokee County.

Original application for habeas corpus for release from a commitment for a conviction of violating the local option law, under claim that the indictment under which relator was convicted was not returned by a legally constituted grand. jury.

The opinion states the case.

*Weeks & Ewing,* for relator, cited: Lot v. State, 18 Texas Crim. App., 627; McNeese v. State, 19 id., 48; Smith. v. State, id., 95; Williams et al. v. State, id., 265; Rainey v. State, id., 479; Wells v. State, 21 id., 594; Harrell v. State, 22 id., 692; Ex parte Reynold, 35 Texas Crim. Rep., 437; State v. Miller, 3 Ala., 343; United State v. Rosenthal, 121 Fed. Rep., 862; In re Davies, 75 Pac. Rep., 1048.

*W. H. Shook,* for respondent, cited State v. Fee, 19 Wis., 592; 10 Enc. Pl. & Pr., 271.

DAVIDSON, PRESIDING JUDGE.—On May 22, °1905, the grand jury was duly organized in the District Court of Cherokee County at a regular term, with the constitutional number of twelve. On May 27th, an order was entered on the minutes allowing that body to take a recess for some days, in fact until the 19th of June. This was properly done. On June 19th the grand jury re-assembled with only eight of the original number present, the others being detained on account of the swollen condition of the streams, and one of said grand jurors, W. W. Hatchett, was sick. Hatchett not appearing by noon, the district judge had the sheriff to summon two talesmen. They were brought in and one of them, Bagley, was sworn as a member of the grand jury. The court stated that at the time Hatchett was excused. The excusing of Hatchett and empaneling of Bagley was not entered upon the minutes of the court. After Bagley was charged, and the grand jury retired, Burton, a legal member of the grand jury as originally constituted, made his appearance, whereupon the district judge sent for the grand jury, discharged Bagley, and told them to retire for their deliberations. The order discharging· Bagley was not entered on the minutes. Bagley was only with the grand jury from three to five minutes, not exceeding five minutes. No witness appeared before the grand jury about any matter while Bagley was in the grand jury room, nor between the time he was charged as a member of that body and the time of his discharge. No case was considered or discussed, and no action taken by vote or otherwise. Applicant's case, nor any other case was before the grand jury during that time. After Bagley's discharge, while nine or more of the members of the original grand jury were present, Bagley not being present, the grand jury investigated applicant's case, and presented against him a bill of indictment. Bagley had nothing to do with the consideration of applicant's case before that body. Applicant was convicted in the county court on the indictment thus returned, which was otherwise sufficient, charging him with violating the local option law. From this conviction an appeal was prosecuted to this court, at the recent Tyler Term, and the appeal dismissed. He was then arrested, and was in custody when he filed his application in this court for the writ of habeas corpus, which forms the basis of this discussion. This is the agreed statement of facts.

Applicant insists that by the empaneling ·of the juror Bagley, the grand jury thus constituted, consisted of thirteen members; and therefore their action in returning the bill of indictment against him was void. The respondent's proposition is that the district judge did not have authority to make Bagley a member of the grand jury under the facts stated. It will be noted that the grand jury was not discharged and re-assembled as the district judges are empowered to do,

but only a recess was taken by that body. The question then is, whether or not the action of the district judge in placing Bagley upon the jury was authorized, and therefore he became a member of that body. It will hardly be questioned that the grand jury has a right to take a recess under the terms of the statute for the time prescribed by the Legislature, but here the recess was longer and was authorized by the district judge. So we have not the question here of the discharge of a grand jury and it being re-assembled, but simply the question of a recess by that body. We hold, so far as that question is concerned, the action of the court was proper.

The real question in the case, however, is whether or not under these circumstances, the judge had a right to excuse Hatchett and empanel Bagley. By the terms of the Constitution a grand jury is composed of twelve men: no more and no less; and an indictment presented by a grand jury composed of any other number is a nullity and incapable of conferring jurisdiction upon any court in this State. Objections to such indictments are fundamental and jurisdictional and available at any time with or without exception; and it has been held in quite a number of cases that even where a conviction has been obtained under an indictment returned into court by a grand jury composed of more or less than twelve is illegal and void, and the party will be discharged by means of the writ of habeas corpus. In Smith v. State, 19 Texas Crim. App., 95, the grand jury reported to the court that they had excused one of their number from further attendance on their meetings at that term of the court, and presented bills of indictment when only eleven of the number were present. It was there urged that the indictment was presented by a grand jury whose organization and autonomy had been completely destroyed by its own action in excusing one of its members from further service during the term. In other words, that the indictment was presented by a grand jury which was composed of only eleven jurors, and therefore violative of the Constitution, and the indictment a nullity. The court held that this objection was not tenable, because of a want of authority to permanently excuse from service one or more of the grand jurors after its organization, either in the court or in the grand jury itself; and the action of the grand jury in excusing the juror was a nullity, and such action did not operate to discharge him. It will be noted further that nine members of the grand jury may return a bill of indictment. Smith's case has been followed in subsequent cases. Watts v. State, 22 Texas Crim. App., 572; Drake v. State, 25 Texas Crim. App., 293; Jackson v. State, 25 Texas Crim. App., 314; Trevenio v. State, 27 Texas Crim. App., 372; Woods v. State, 26 Texas Crim. App., 506; Matthews v. State, 42 Texas Crim. Rep., 31.

In Drake's case the objection urged was that although the grand jury was legally empaneled, it was dissolved by the discharge of one of its members, who had removed beyond the jurisdiction of the court and had acquired a domicile in another State before indictment was

presented, and that the eleven jurors remaining on the panel could not and did not constitute such a grand jury as was competent to present a legal indictment. The court overruled this objection, and held the point not well taken. This seems to be the well settled rule by the decisions of this court, and it is laid down that neither the grand jury nor the court can excuse a member of the grand jury after it has been legally organized, and the power of the district court is limited to a discharge of the entire grand jury. It would follow, therefore, that the action of the court in excusing Hatchett was a nullity; that he was still a member of the grand jury; and it would further follow that the action of the court was equally invalid in undertaking to place Bagley on the grand jury. Bagley in no sense constituted a grand-jury man, and was not authorized to sit with the grand jury, and if he had acted with that body in finding or presenting an indictment, the indictment would be a nullity. The facts show that he was not present when the bill was found against applicant; in fact was not present with the grand jury when any action was taken as to applicant or when any action was taken in any case. We hold that the action of the court was proper in the premises and that the indictment returned against applicant was properly filed. Applicant is therefore remanded to custody with the costs taxed against him.

*Relator remanded.*