BERT STARK v. THE STATE.

No. 2683.   Decided October 29, 1913.

**Permitting Minor to Play Pool—Ownership—Control.**

Where, upon trial of permitting a minor to play pool in a pool hall of which the defendant was the owner and manager, the evidence showed that the minor played pool in said hall while the defendant was in the hall in control thereof and accepted pay from the minor, etc., the conviction was sustained.

Appeal from the County Court of Mills.   Tried below before the Hon. S. H. Allen.

Appeal from a conviction of permitting a minor to play pool in a pool hall; penalty, a fine of $20.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of permitting a minor to play pool in a pool hall of which he was the owner and manager.

That Lum White, a minor between seventeen and eighteen years, played pool in the hall is admitted by all the witnesses who testified in regard to the matter, including the defendant. The facts would show that appellant was the owner of the pool hall; that on the 16th day of April he made a trade with Smith & Spencer, agreeing to sell them the hall for $250; they desired to trade him an automobile for it, and he went to look at the automobile. Smith & Spencer ran the pool hall while he was gone. He decided not to take the automobile and so informed Smith & Spencer on his return. They then agreed to give him several notes aggregating $250, but never did do so, and on May 8 appellant sold the pool hall to another party. Lum White played in the hall after appellant had seen the automobile and declined to take it, and while Spencer & Smith were trying to make the notes. So it may be said Smith & Spencer never became the owners of the pool hall, although the evidence would show that they ran it during the time appellant was gone to look at the automobile, and if the playing had taken place during this time we would be inclined to hold that the evidence failed to show knowledge or guilty intent on the part of the appellant. But the evidence discloses that the minor played in the hall after appellant returned, and when neither Smith nor Spence were in the hall, and while appellant was in the hall, in control thereof, and that he "rung up" the balls for the boys to play, and if the State's testimony is true, accepted the pay from the minor for the games.

The case was tried in the court below without a jury and the court finds him guilty, and under such a state of facts we will not disturb the finding of the trial court.

The judgment is affirmed.

*Affirmed.*