## J. H. Wright v. The State.

### No. 5494. Decided December 17, 1919.

#### 1.—Minor—Playing Pool—Knowledge of Defendant.

Where, upon trial of permitting a minor to play pool or billiards in defendant's billiard hall, the evidence did not show whether defendant was present at the time, or that he had any knowledge of it or in any way permitted the same, the conviction could not be sustained. Following: Brown v. State, 49 Texas Crim. Rep., 419, and other cases.

2.—Same—Indictment—Grand Jury.

Where the record on appeal showed that the grand jury, with the permission of the court, took a recess for about one month, and after reconvening, ten of their number only responded to the call, whereupon the court instructed the sheriff to summon other citizens to take the place of the two absent grand jurymen, who took their places and were empaneled with the grand jury, and that body thus constituted returned the indictment in the instant case, the same was a nullity and the cause must be dismissed. Following: Ex parte Love, 49 Texas Crim. Rep., 475, and other cases.

Appeal from the County Court of Hill. Tried below before the Hon. R. T. Burns, judge.

Appeal from a conviction of permitting a minor to play pool or billiard; penalty, a fine of twenty dollars.

The opinion states the case.

*Dupree & Crenshaw,* for appellant.—On question of insufficiency of indictment; Smith v. State, 19 Texas Crim. App., 95, and cases cited in the opinion.

On question of insufficiency of the evidence: Brown v. State, 93 S. W. Rep., 23; Stuart v. State, 60 S. W. Rep., 554.

*C. M. Cureton,* Attorney General, *W. J. Townsend,* Assistant Attorney General, for the State.—On question of grand jury: Lott v. State, 18 Texas Crim. App., 627; McNeese v. State, 19 id., 48; Smith v. State, 19 id., 95; Rainey v. State, 19 id., 479; Williams v. State, 19 id., 265; Matthews v. State, 42 Texas, Crim. Rep., 31; Ex parte Love, 49 id., 475; Wisdom v. State, 42 id., 579; Trevinio v. State, 27 Texas Crim. App., 372.

On question of sufficiency of the evidence: Gilbreath v. State, 82 S. W. Rep., 807; Rainbolt v. State, 93 S. W. Rep., 737.

DAVIDSON, Presiding Judge.—Appellant was convicted for permitting a minor to play pool or billiards in his billiard hall.

The evidence shows that the minor played a game in appellant's pool or billiard hall; that the minor was about twenty years of age; that appellant did not have the consent of the parents of the boy that he might play in such billiard or pool hall. The evidence does not show and is silent as to the fact that appellant was present when the boy played in the pool hall or that he had any knowledge of it.

The State cites us to Rainbolt v. State, 49 Texas Crim. Rep., 427 to support the conviction. In that case the evidence shows that the playing was in Rainbolt's place of business with his knowledge and consent. In Stark v. State, 71 Texas Crim. Rep., 560, the minor played with Stark's knowledge and consent, and he accepted pay from the minor for playing the games. Those cases do not support the contention of the State.

The appellant's contention is that in order to make him responsible he must have known the minor played and permitted the boy to play the game. This contention is supported by Brown v. State, 49 Texas Crim. Rep., 419; Stuart v. State, 60 S. W. Rep., 554. The State's evidence is not sufficient to show that the minor played the game with the permission or even with the knowledge of appellant. Why this was not shown is not explained in the record. The boy testified and could have known if appellant was present and knew that he was playing the game, and facts could have been adduced that would put appellant present. If appellant was not present and the boy played the game in his absence without his knowledge or consent, this could not be held to be by his permission.

There is a question suggested why the indictment is invalid. The record in this connection briefly shows that the grand jury with the permission of the court took a recess from the 17th of January to the 17th of February. In the meantime, on January 23rd, the court reconvened the grand jury. Ten of the number only responded to the call. The court instructed the sheriff to summon other citizens to take the place of the two absent grand jurymen. This was done and they were empaneled with the grand jury and that body thus constituted returned the bill of indictment herein. It is shown that they participated in the action of the grand jury and were present and acted as such grand jurymen and were a constituent part of the grand jury in finding the indictment. This identical question was decided in Ex parte Love, 49 Texas Crim. Rep., 475. The matter there was pretty thoroughly discussed and the decisions and the law quoted and cited. It was there said: "This seems to be the well-settled rule by the decisions of this court, and it is laid down that neither the grand jury nor the court can excuse a member of the grand jury after it has been legally organized, and the power of the District Court is limited to a discharge of the entire grand jury. It would follow, therefore, that the action of the court in excusing Hatchett was a nullity; that he was still a member of the grand jury; and it would further follow that the action of the court was equally invalid in undertaking to place Bagley on the grand jury. Bagley in no sense constituted a grand-juryman, and was not authorized to sit with the grand jury, and if he had acted with that body in finding or presenting an indictment, the indictment would be a nullity." See also Smith v. State, 19 Texas Crim. App., 95; Watts v. State, 22 Texas Crim. App., 572; Drake v. State, 25 Texas Crim. App., 293; Jackson v. State, 25 Texas Crim. App., 314; Trevino v. State, 27 Texas Crim. App., 372; Woods v. State, 26 Texas Crim. App., 506; Mathews v. State, 42 Texas Crim. Rep., 31.

In Drake's case, *supra,* it was urged that although the grand jury was legally empaneled, it was dissolved by the discharge of one of its members, who had removed beyond the jurisdiction of the court

and had acquired a domicile in another state before indictment was presented, and that the eleven jurors remaining on the panel could not and did not constitute such a grand jury as was competent to present a legal indictment. This objection was overruled and the point held not well taken. In that case, as in Ex parte Love, *supra,* the contention was made that the indictment was presented by a grand jury whose organization and autonomy had been completely destroyed by its own action in excusing one of its members from further service during the term. In other words, that the indictment was presented by a grand jury which was composed of only eleven jurors, and therefore, violative of the constitution, and the indictment was a nullity. The court held that such objection was not tenable, because of a want of authority to permanently excuse from service one or more of the grand jurors after its organization, either in the court or in the grand jury itself; and the action of the grand jury in excusing the juror was a nullity, and such action did not operate to discharge him. The same rule has been laid down by the decisions with reference to the action of the court in excusing members of the grand jury. The fact that only ten of the grand jurors assembled did not destroy its autonomy, as a grand jury having nine members present could return a bill. In any event it is clear, under the law and the decisions, that, after the absent grand jury has been empaneled, the mere fact that a recess is taken, or for any other cause, the court or the grand jury either excuses a member of that body does not invalidate it. It continues its autonomy as such grand jury after being so empaneled. We are cited to the statute which authorizes the court to summon talesmen in the original organization of the grand jury as supporting the action of the court in this case. The statute is not applicable. That is where the grand jury is being organized at the beginning of the term as such body. It has no application to a discharge or the absence of one of the grand jurors after the body has been empaneled. This doctrine is also adhered to in the case of Leech v. State, 63 Texas Crim. Rep., 339.

We, therefore, hold that the indictment, for the reasons stated and under the circumstances depicted by this record, is a nullity.

The judgment is reversed and the prosecution ordered dismissed.

*Dismissed.*