## JUAN PENA V. THE STATE.

No. 20396.  Delivered June 14, 1939.

The opinion states the case.

*John J. Pichinson* and *Owen D. Cox*, both of Corpus Christi, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for murder; the punishment assessed is confinement in the state penitentiary for a term of seventeen years.

It appears from the record before us that the appellant and the deceased were employed at a filling station in the City of Corpus Christi. On the afternoon of March 13, 1938, at about 7 P. M., an altercation arose between them which resulted in a stab wound being inflicted by appellant on the person of the deceased, from the effects of which he died in a very short time.

Appellant first complains of the court's action in overruling his motion to quash the indictment on the ground that he was indicted by a grand jury composed of thirteen men. It appears from the bill that a grand jury composed of twelve men, including Tom Graham, was selected from the grand jury panel regularly drawn as provided by law. A little later on the same day, the trial judge learned that Graham was disqualified as a grand juror. Thereupon he instructed the sheriff to bring in another member of the original list of grand jurors selected and drawn for grand jury service. Thereupon the court discharged Graham without formally discharging the entire panel, and instructed Kunkel to take his seat with the other eleven. Kunkel was questioned relative to his qualifications, found to be a qualified grand juror, and then the entire grand jury panel was sworn in together and instructed regarding their duties.

Under the circumstances as reflected by this bill, we are not favorably impressed with appellant's contention. When the court, on the same day and within a very short time after learning that one of the members was disqualified to sit, had another member of the duly selected prospective grand jury panel brought into court, questioned relative to his qualifications and then had the entire grand jury resworn (including the new member) this was tantamount, in our opinion, to a discharge of the entire panel. If not, then why swear the entire panel again?

If the court had not so considered it, he would have had the new member tested and sworn in separately.

Appellant cites us to the case of Ex Parte Love, 93 S. W. 551. In that case a member of the grand jury was prevented by illness from serving. When the grand jury was reassembled, this juror was discharged, but the order discharging him and impaneling the other juror was not entered upon the minutes of the court as was done in this case. Nor was it shown in that case that the entire panel, including the new member, was sworn in and instructed anew by the court as to their duties, all of which was done in this case. Consequently that case is easily distinguishable from the one under consideration on the facts.

In the instant case, the entire proceedings were entered upon the minutes, which reflect the fact that but twelve men (instead of thirteen) were actually empaneled and returned the indictment. Appellant's contention in this respect is therefore overruled.

Bills of exceptions numbers eight and ten will be considered together as they relate to the same matter.

By bill of exception number eight, appellant complains of the following remarks by the assistant district attorney in his closing argument to the jury: "I want to call your attention to the indeterminate sentence law. We have a law in Texas that when the Judge finally sentences him, if the jury give him 99 years, he is sentenced to a term of not less than two nor more than 99 years. It runs from the minimum to the maximum, and that law, when the defendant is given more than four times the minimum—that is, more than eight years—then he must serve one-fourth of his sentence before he could be paroled. Otherwise he can be paroled at any time from the minimum on up to the maximum. If you set his punishment at forty years he can be paroled at ten. If you sentence him to 99 years he can be paroled at one-fourth the time you sentence him."

By bill of exception number ten, appellant complains of the action of the trial court in declining to sustain his motion for a new trial based on the ground that the jury in arriving at the punishment assessed against him, discussed and took into consideration the indeterminate sentence and the parole laws. Upon a hearing of the motion, there was evidence offered showing that the jury discussed the argument of the prosecuting attorney relative to the parole law.

Art. 775 C. C. P. provides as follows: "If the verdict fixes the punishment at confinement in the penitentiary for more

than the minimum term, the Judge in passing sentence shall pronounce an indeterminate sentence, fixing in such sentence as the minimum the time provided by law as the lowest term in the penitentiary and as the maximum the term stated in the verdict. In cases where no appeal is taken, the sentence shall begin to run on the day·same is pronounced, but where an appeal is taken and the defendant is in jail or the penitentiary his sentence shall begin to run with the date of the mandate, and in every such case the commitment shall so state. Where an appeal is taken and the defendant is at large on bond or recognizance, when the case is affirmed the clerk of the trial court, on receipt of the mandate from the Clerk of the Court of Criminal Appeals, shall issue a commitment, and when the defendant is taken into custody under such commitment, the officer executing same shall endorse thereon the date the defendant was taken into custody, and the endorsement on this commitment shall constitute the date on which the sentence shall begin to run, and such·defendant named in the commitment shall be admitted to the penitentiary by virtue of such commitment." (As amended Acts 1931, 42nd Leg., p. 349, ch. 207, Sec. No. 1.)

Art. 775a, C. C. P. provides as follows: "Where the maximum sentence is not four times as great as the minimum sentence, and the convict has served the minimum sentence and has a perfect prison record or where the maximum sentence is greater than four times the minimum sentence, and the convict has served one-fourth of the maximum sentence and has a perfect prison record, such convict shall be paroled during good behavior for the balance of the term imposed upon him; provided that before a parole shall be granted the board of pardons shall examine and approve the convict's record and said board may consider the past record as well as the prison record of convicts."

From the foregoing, it will be noted that the jury, in a felony case, in determining the punishment to be assessed, is not authorized to resort to or apply either the indeterminate sentence law or the parole law. The indeterminate sentence law is to be applied by the trial judge, after conviction and when sentence is pronounced against the defendant. The parole law is not to be applied by the trial court, but is to be exercised by the board of pardons exclusively when facts are presented which would authorize them to exercise their power under Art. 775a, C. C. P., supra.

Wherefore, we are of the opinion that the argument com-

plained of in bill number eight projected improper matters into the case. The object and principal purpose of an argument to the jury, as we understand it, is to aid and assist them in properly analyzing the evidence and arrive at a just and reasonable conclusion based on the evidence alone, and not on any fact not admitted in evidence. Nor should resort be had in argument to arouse the passion or prejudice of the jury by matters not properly before them. We believe that the opinion of this Court in the case of Clark v. State, 174 S. W., 334, in a measure supports the views herein expressed. We predicate our reversal on the improper argument. If the jury had discussed the subject in the absence of such argument, a different question would have been presented.

In reviewing this record, we note that the trial court qualified many, if not all of the bills, and then destroyed his qualification by certifying that appellant duly excepted to the qualification. It may not be improper to here call the trial court's attention to the procedure to be pursued in case the appellant excepts to the court's qualification of a bill of exception. See for examples Thomas v. State, 83 Texas Crim. Rep., 325; Dowd v. State, 284 S. W., 592; Boatcallie v. State, 50 S. W. (2d) 826; Winfrey v. State, 65 S. W. (2d) 297; Taylor v. State, 79 S. W. (2d) 1104.

Appellant complains of various other matters, but in view of the disposition we are making of the cause, we do not deem it necessary to discuss them, since they may not arise again on trial.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.