Patricia J. **WILLIAMS** and Delores D. Liggins, Appellants,

v.

The **STATE** of Texas, Appellee.

Nos. 44457, 44458.

Court of Criminal Appeals of Texas.

Feb. 23, 1972.

**308**

Mel S. Friedman, W. B. House, Jr., Houston, for appellants.

Jim D. Vollers, State's Atty., and Robert Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

These convictions are for the offense of ". . . operat(ing) and assist(ing) in operating an open saloon . . ." in violation of Article 666-3, Vernon's Ann.P.C. The complaints and information allege that appellants committed the violations on or about the 9th day of September, 1969. The trial was before the court, a jury having been waived, on May 11, 1970. Both appellants were found guilty and were assessed fines of One Hundred One Dollars each.

Irrespective of appellants' grounds of error, we have concluded that under Sec. 13 of Art. 40.09, Vernon's Ann.C.C.P., it is our duty to consider the present applicability of the statute under which appellants were prosecuted.

Prior to November 3, 1970, Article 16, Sec. 20(a), of the Texas Constitution, Vernon's Ann.St.,[1] provided:

> "The open saloon shall be and is hereby prohibited. The Legislature shall have the power, and it shall be its duty to define the term 'open saloon' and enact laws against such.

> "Subject to the foregoing, the Legislature shall have the power to regulate the manufacture, sale, possession and transportation of intoxicating liquors, including the power to establish a State Monopoly on the sale of distilled liquors."

Prior to April 21, 1971, Article 666-3, V.A.P.C., provided:

> "(a) The term 'open saloon' as used in this Act, means any place where any alcoholic beverage whatever, manufactured in whole or in part by means of the process of distillation, or any liquor composed or compounded in part of distilled spirits, is sold or offered for sale for beverage purposes by the drink or in broken or unsealed containers, or any place where any such liquors are sold or offered for sale for human consumption on the premises where sold.

> "(b) It shall be unlawful for any person, whether as principal, agent, or employee, to operate or assist in operating, or to be directly or indirectly interested in the operation of any open saloon in this state.

> "(c) It shall be unlawful for any person to whom a Wine and Beer Retailer's Permit or Beer Retailer's License has been issued or any officer, agent, servant, or employee thereof to have in his possession on the licensed premises, any distilled spirits or any liquor containing

1. On November 3, 1970, Article 16, Section 20(a) of the Texas Constitution was amended to read as follows: "The Legislature shall have the power to enact a Mixed Beverage Law regulating the sale of mixed alcoholic beverages on a local option election basis. The Legislature shall also have the power to regulate the

manufacture, sale, possession and transportation of intoxicating liquors, including the power to establish a State Monopoly on the sale of distilled liquors." "Should the Legislature enact any enabling laws in anticipation of this amendment, no such law shall be void by reason of its anticipatory nature."

alcohol in excess of fourteen (14%) per centum by volume."

On April 21, 1971, Art. 666–3, V.A.P.C., was amended to read as follows:

"It shall be unlawful for any person to whom a Wine and Beer Retailer's Permit or Beer Retailer's License has been issued or any officer, agent, servant, or employee thereof to have in his possession on the licensed premises, any distilled spirits or any liquor containing alcohol in excess of fourteen per centum (14%) by volume."

See Vernon's General and Special Laws of Texas, Vol. 1, Ch. 65, Sec. 1 at 681.

It is clear from a reading of the 1971 Amendment that it was the intent of the Legislature, and we so hold, to repeal Sec. (a) and (b) of Article 666–3, V.A.P.C. Therefore, Article 666–3, V.A.P.C., as amended in 1971 is now the same as what previously was Article 666–3(c), V.A.P.C. Consequently, there is no longer a basis for prosecution in the cases at bar and, since the convictions are not final, they must be reversed. See Mendoza v. State, Tex.Cr. App., 460 S.W.2d 145, and Waffer v. State, Tex.Cr.App., 460 S.W.2d 147. See also Article 14, V.A.P.C.

The judgments are reversed and the prosecution dismissed.