Elicio Vito MORALES, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 46134.

Court of Criminal Appeals of Texas.

Nov. 8, 1972.

Rehearing Denied Dec. 20, 1972.

Baker & Coltzer, by Robert G. Coltzer, Galveston, for appellant.

Julius Damiani, Dist. Atty., Robert L. Wilson and Norman Stevens, Asst. Dist. Attys., Galveston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

The conviction is for possession of marihuana. The appellant entered a plea of guilty before a jury that assessed his punishment at ten years imprisonment and made the recommendation, which is mandatory, that he be granted probation. Imposition of the sentence was suspended and probation was granted on January 19, 1971.

Acting on the State's amended motion to revoke probation, after a hearing, the court entered the order giving rise to this appeal and pronounced sentence on November 5, 1971. The court found the appellant had violated the conditions of probation that he would commit no offense against the laws of this State by operating an open saloon and by contributing to the delinquency of a minor.

The specific finding of the court was "(t)hat on July 24, 25, 26 and 27, 1971, the Defendant was an employee of the Club, assisting in operating an open saloon at the Club, and he was directly interested in the operation of an open saloon at the Club, both in violation of Art. 666–3 of the Penal Code of Texas . . . "

■ A substantial amount of evidence was produced by the State and heard by the trial court. The trial court, in commendable fashion, made explicit and detailed findings of fact. However, these findings of fact will not support the order revoking probation because that part of Article 666–3, Vernon's Ann.P.C., prohibiting operation of an open saloon, was repealed on April 21, 1971, and was not in effect on the dates when the appellant was found to have violated that statute.[1] See Williams v. State, 476 S.W.2d 307 (Tex. Cr.App.1972).

■ We also conclude, after a careful examination of the record, that the evidence will not support the finding that the appellant contributed to the delinquency of a minor.

The court's finding was:

"That shortly after midnight on the morning of July 25, 1971, when the Club was raided, a sixteen year old high school girl (whose name is in the record but will not be set out here) was found in the Club. She testified that she had no trouble getting into the Club, she was not asked for any membership card, she was not a member of the Club and that she ordered and was served a Cuban Bull. She stated that she had been inside the Club a few times before that night. Another sixteen year old high school girl

[1] This Article was amended by Acts 1971, 62nd Leg., p. 681, ch. 65.

(whose name is also in the record but will not be set out here) who was found inside the Club testified that she was outside the door of the Club a few minutes after midnight, on the morning of July 25, 1971, and was 'pushed' inside the Club when it was raided.

"At the time of the raid during the early morning hours of July 25, 1971, inside the Club were found marijuana cigaretts, (Sic) aluminum foil containing marihuana, a plastic bag containing marihuana, and some hashish; there were many overturned cups and the floor was saturated with a liquid that smelled of alcohol. There were approximately fifty persons in the Club at the time of the raid and there was mass confusion.

"On July 25, 1971, the Defendant encouraged and contributed to the delinquency of a child under the age of seventeen years by permitting a sixteen year old girl to go into and remain in a place where intoxicating liquors were kept, drunk and sold, and where narcotics were used, in violation of Art. 534 of the Penal Code of the State of Texas."

The two girls who testified both said they had never, before the revocation of probation hearing, seen the appellant. The evidence is uncontroverted that the appellant was not on the premises on July 25th when the "raid" was made and did not arrive on the premises until after the officers had been there for an hour, according to the "best estimate" of Officer Trapani.

There is no evidence that the appellant permitted "a sixteen year old girl to go into and remain in a place where intoxicating liquors were kept, drunk and sold and where narcotics were used." See Wright v. State, 86 Tex.Cr.R. 434, 217 S.W. 152 (Tex.Cr.App.1919).

In Wright v. State, supra, the defendant was convicted of permitting a minor to play pool and billiards in his billiard hall. The case was reversed because the evidence did not show whether the defendant was present when the alleged offense occurred. The court said: "The state's evidence is not sufficient to show that the minor played the game with the permission or even with the knowledge of the appellant. . . . If appellant was not present and the boy played the game in his absence without his knowledge or consent, this could not be by his permission."

The order revoking probation is not supported by the evidence.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.