**Gilbert ALBIAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00191–CR.**

Court of Appeals of Texas, San Antonio.

Jan. 31, 1986.

Richard Langlois, San Antonio, for appellant.

Sam Millsap, Jr., Mario Bordini, Daniel Thornberry, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a conviction for aggravated robbery with a deadly weapon. TEX.PENAL CODE ANN. § 29.03(a)(2) (Vernon 1974). The jury found appellant guilty as charged and the court assessed the punishment at five (5) years' confinement.

■ The sufficiency of the evidence is not questioned. Appellant, in the initial grounds of error, complains of improper jury argument by the prosecutor. He specifically alleges that the prosecutor erroneously argued to the jury: (1) that appellant and his counsel were perpetrating a myth by their defense, (2) that the State vouches for the credibility of its witnesses and that is why he would not call Randolph Ibarra to testify, and (3) that the State had a material witness who was sitting outside. The approved general areas for jury argument are summation of the evidence, reasonable deduction from the evidence, answer to argument of opposing counsel, and plea for law enforcement. *Todd v. State,* 598 S.W.2d 286, 296–97 (Tex.Crim.App. 1980). Even when an argument exceeds the permissible bounds of the above areas, it will not constitute reversible error unless, in light of the record as a whole, the argument is extremely or manifestly improper, is violative of a statute, or injects new facts, harmful to the accused, into the trial. *Cannon v. State,* 668 S.W.2d 401, 404 (Tex.Crim.App.1984).

Appellant first complains of the following statement made by the prosecutor in final argument:

They want to make Laurie Christensen out to be a person who would come in here and want to accuse an innocent person. Don't believe it. It doesn't exist. It is a myth that his defense attorney and the defendant want to perpetrate upon this jury.

Appellant's objection at trial, that the prosecutor was implying appellant and his attorney had fabricated a defense, was overruled. During cross-examination and argument, appellant had sought to discredit the testimony of the complaining witness, Laurie Christensen, by attacking her initial description of the style and color of the robber's hair and the weapon used. In his closing argument, appellant had made the following remarks:

And he [appellant] fits the description, has a ponytail. The initial description went out with wavy hair. After he was picked up and brought before, sometime inbetween, as I recall the testimony, we all of the sudden have a ponytail. So that think [sic] fits perfectly as far as the State's point of view goes.

We have some inconsistencies with the defendant. We have, although she recognizes him, that is him, you know, she testified, there is no doubt in my mind that is him.

The fact that he happens to have a blue barreled single action revolver in the truck is of no obstacle to the State because Laurie decides that the lights are bad there.

The fact that the hair is black and she stated red, and then she tried to backtrack and say, well, it is a red tint in a yellow light, no problem there. No obstacle. We will cover that you with [sic], discoloration of the lights cause that.

Blue T-shirt. Yes, he had a blue T-shirt on. It wasn't cut off. But, there again, Laurie Christensen is able to go back and cover her tracks by saying, well, there was a thread down there. The only time I heard that testimony was on rebuttal, after she had been on direct, cross, recross, redirect and everything. At the end it is all of the sudden, oh, I covered my tracks again.

■ Thus, the statement by the prosecutor was a fair answer to appellant's assertion that the State's witness was trying to "cover her tracks" when she was questioned about the errors in her initial description of appellant. Ground of error number one is overruled.

■ Secondly, appellant complains that the following jury argument by the prosecutor was prejudicial:

Again, subpoena power. They have the same right. And, you know when you call a witness to the stand you vouch for their credibility. That is why I don't want to put on a person like Randy Ibarra.

The trial court sustained appellant's objection and instructed the jury to disregard the statement, but denied the motion for a mistrial. The instruction to disregard was sufficient to cure the harm, if any, by the improper jury argument. *Woods v. State*, 653 S.W.2d 1, 5 (Tex.Crim.App.1983). Appellant's second ground of error is overruled.

The third complaint alleging improper jury argument by the prosecutor has reference to the following statement to the jury:

We have got a material witness who is sitting outside there and you heard the testimony.

Appellant's objection to this line of argument was overruled.

The object and principal purpose of an argument to the jury ... is to aid and assist them in properly analyzing the evidence and arriving at a just and reasonable conclusion based on the evidence alone, and not on any fact not admitted in evidence. Nor should resort be had in argument to arouse the passion or prejudice of the jury by matters not properly before them.

*Pena v. State*, 129 S.W.2d 667, 669 (Tex. Crim.App.1939). In this case the prosecutor suggested that the absent witness had material evidence which had been withheld. This clearly invited the jury to speculate as to evidence not in the record. In *Jordan v. State*, 646 S.W.2d 946, 947 (Tex.Crim.App.

1983), the court reiterated the rule in this regard:

Argument injecting matters not in the record is clearly improper; but argument inviting speculation is even more dangerous because it leaves to the imagination of each juror whether extraneous 'facts' may be needed to support a conviction [or assess punishment]. Logical deductions from the evidence do not permit within the rule logical deductions from nonevidence.

*Accord Walker v. State*, 664 S.W.2d 338, 340 (Tex.Crim.App.1984).

■ The prosecutor in argument was, in effect, asking the jury to speculate as to unsworn testimony not in the record from the absent witness. Moreover, the prosecutor left to the imagination of the jury the assumption of facts not in evidence to support a conviction. "Whether the prosecutor's argument necessitates a reversal is to be determined on the basis of the probable effect on the minds of the jurors...." *Blansett v. State*, 556 S.W.2d 322, 328 (Tex.Crim.App.1977). The improper argument in this case was calculated to prejudice the rights of appellant. *See Mathews v. State*, 635 S.W.2d 532, 540 (Tex.Crim. App.1982). Therefore, viewing the record as a whole, this particular jury argument by the prosecutor was extremely harmful and prejudicial. Appellant's third ground of error is sustained.

In grounds of error four and five, appellant urges that the trial court erred in allowing the State to question defense witness Ibarra concerning (1) his marihuana usage the night of the robbery, and (2) his conversation with Victor Juarez, a witness subpoenaed by the State but not called to testify. The record reflects that appellant had been charged with aggravated robbery with a deadly weapon alleged to have occurred on December 3, 1983.

■ The defense witness, Randolph Ibarra, catagorically denied that appellant robbed the Texaco station. He testified that on that evening appellant and Victor Juarez were with him, "drinking and driving around." On cross-examination he was

asked if he was smoking marihuana. The court overruled appellant's objection, saying that such evidence went to the credibility of the witness. The general rule in Texas dictates that specific acts of misconduct of an accused or a witness are not admissible for impeachment purposes or to discredit his credibility. *Hoffman v. State*, 514 S.W.2d 248, 254 (Tex.Crim.App.1974). Extraneous acts of misconduct may be admitted in evidence by showing that they are relevant to a material issue and that the probative value outweighs the prejudicial effect. *Ruiz v. State*, 579 S.W.2d 206, 209 (Tex.Crim.App.1979). "[A] relationship between such evidence and the evidence necessary to prove the accused committed the crime for which he stands accused must be shown." *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Crim.App.1972). Additionally, the State may inquire as to extraneous matters to refute a defensive theory raised by the accused, *Albrecht v. State, supra*, at 101, or motive of the witness. *Bush v. State*, 628 S.W.2d 441, 444 (Tex.Crim.App.1982).

In this case the cross-examination of Ibarra on the extraneous matter of whether he was smoking marihuana was admissible to show motive and to test his ability to recollect the events of the evening in question. The witness sought to exonerate the accused; consequently, the State had the right to refute the defensive theory.

On the second issue Ibarra was cross-examined concerning a conversation he had with Victor Juarez. The State inquired whether Victor had told Ibarra that he recalled that appellant parked the pickup truck near the Texaco station and left to relieve himself, but that there was a fifteen minute gap when he did not see appellant. After a hearing out of the presence of the jury, the court ruled that the inquiry was proper for the purpose of laying the predicate for impeachment purposes. Generally a defense witness may not be cross-examined as to any fact that is collateral and irrelevant to the issue merely for the purpose of laying a predicate for impeachment.

*Hoffman v. State, supra*, at 252. The defense objected to this line of questioning and the State abandoned its inquiry. Nevertheless, this cross-examination was certainly relevant to the material issue of appellant's involvement in the robbery. *See Thompson v. State*, 659 S.W.2d 649, 653 (Tex.Crim.App.1983). Grounds of error four and five are overruled.

The judgment is reversed and the cause remanded.

CADENA, C.J., concurs and dissents in part.

CANTU, J., concurs without opinion.

CADENA, C.J., concurring and dissenting in part.

I agree that the conviction should be reversed, but I cannot agree that the prosecutor's charge that appellant and his counsel wanted to "perpetrate" a "myth" upon the jury can be categorized as a "fair answer" to the argument of appellant's counsel.

In making the argument which the State insists it fairly answered, counsel for appellant stayed within the record and was properly commenting on the inconsistent statements which had been made by the complaining witness. The "fair answer" of the prosecution, on the other hand, went entirely outside the record. Such personal and gratuitous attacks on opposing counsel should not be tolerated. Such tactics cannot possibly be accurately described as "fair."

Since the prosecutor's argument was not invited and not supported by the evidence it was improper. Unjustified attacks on opposing counsel have always been considered with extreme disfavor by our Court of Criminal Appeals and have resulted in reversals even in cases where the trial court has instructed the jury to disregard such improper statements. *Bell v. State*, 614 S.W.2d 122 (Tex.Crim.App.1981). The prejudicial effect of such improper prosecutorial tactics is increased where the trial court, by overruling an objection as did the

**310**

trial court in this case, indicates to the jury that such arguments are proper. *See generally, Gomez v. State,* 704 S.W.2d 770 (1985).

Nor would I bestow approval on the attempt by the State to drag in hearsay concerning an alleged statement by Victor Juarez under the guise of laying the predicate for impeachment of the defense witness, Ibarra, and then nonchalantly abandoning the purported attempt to impeach and not calling Juarez to testify. The prosecutor's tactic clearly served to indicate to the jury that Juarez had made the statement which was highly prejudicial to appellant's defensive theory.