Carlos E. **BORJAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–83–00421–CR.

Court of Appeals of Texas, San Antonio.

June 30, 1986.

Rehearing Denied Aug. 26, 1986.

Richard Langlois, San Antonio, for appellant.

Sam Millsap, Jr., Mark Bindock, Charles Tennison, Daniel Thornberry, Criminal Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

Appellant was convicted for the offense of aggravated rape of a child. The jury found appellant guilty as charged and assessed punishment at twenty–five (25) years confinement.

■ We first address appellant's assertion that the evidence was insufficient to support the conviction. Count one of the indictment, omitting the formal parts, alleged that appellant did:

On or about May 22, 1982, intentionally and knowingly have sexual intercourse with Kathy Ann Ramos, hereinafter called complainant, and at the time of said sexual intercourse the complainant was a female younger than seventeen (17) years of age and was not the wife of the defendant and the complainant was then and there younger than fourteen (14) years of age.

The complainant was twelve (12) years of age on the date the alleged offense occurred.

The complainant testified that at around 7:30 A.M., on the date of occurrence, she was asleep in the lower bunk bed of her bedroom. Appellant entered her bedroom, removed his underwear, and laid on top of her and kissed her. She told him to quit, but he threatened to strike her with his fist. He later followed her to the bathroom, forced her to disrobe, made her turn around and bend over bending her head down. He penetrated her from the rear, and she stated that appellant told her to be quiet, "because when I was big enough, I was going to do this with the one I loved, I had to learn it." Complainant testified that appellant put his thing inside of her, "in my back," that it was painful and she cried. On cross-examination she did say that appellant put his penis "in below me, in the middle" but she did not know the name of it. After the act, the complainant began to bleed from the female organ, she put on a sanitary napkin and dressed. Subsequently the mother found the bloodied panties, but the complainant said her period had started.

The witness Demetria Borjan testified she was complainant's mother and that a week later the complainant was suffering from fever, pain while urinating, and sores on the vaginal area. She took the complainant to Brady Clinic where she was examined by Dr. Robert Gruner. Dr. Gruner testified he found that the ulcers on complainant's vagina tested positive for herpes; that complainant's hymen was traumatized or impacted in a manner consistent with sexual intercourse. He further stated that the period of gestation for herpes was from two to twelve days. Complainant was a virgin before the assault.

Dr. John Sparks, a defense witness, in essence stated that appellant had, in the past, some form of herpes. The standard of review of a sufficiency of the evidence question requires that we view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Griffin v. State*, 614 S.W.2d 155, 159 (Tex.Crim.App.1981).

In this case there is direct evidence that appellant inserted his penis "in the middle" of complainant. The condition of the vagina, according to Dr. Gruner, was compatible with intercourse. A week later she was medically examined and found to have herpes. Dr. Sparks, a defense witness, testified appellant had herpes in the past. The complainant was a virgin prior to the assault. Thus we conclude that there is more than sufficient evidence for a rational trier of fact to have found guilt beyond a reasonable doubt. *See Garcia v. State*, 563 S.W.2d 925, 928 (Tex.Crim.App.1978); *Cowan v. State*, 562 S.W.2d 236, 238 (Tex. Crim.App.1978); *Sherbert v. State*, 531 S.W.2d 636, 637 (Tex.Crim.App.). Ground of error six is overruled.

The next ground of error advanced concerns alleged trial court error in disclosing to the State results of medical tests initiated at the request of appellant. Appellant filed a motion requesting the court to order Dr. John C. Sparks to perform tests on appellant to determine the presence or absence of "herpes." The court granted the motion on February 14, 1983, and its order further specified that the test results were to be revealed only to appellant. Dr. Sparks submitted the test results directly to the trial court, and these reports were filed as part of the record in the case, with the District Clerk. Subsequently, on June 13, 1983, the trial court entered another order, compelling the disclosure of the test results to the State. During the cross-examination of State's witness Dr. Gruner, appellant found that Dr. Gruner had in his possession the test results from Dr. Sparks' examination. Appellant further found that the State had been provided with access to the medical records submitted to the court by Dr. Sparks. Appellant's motion for mistrial was denied. The Court's order authorized Dr. Sparks to disclose to a duly authorized representative of the Bexar County District Attorney's office the results of the medical tests on appellant.

The order was signed on the 13th of June, 1983, and stamped "filed" by the District Clerk on the same date. The record reflects that appellant did not object to the granting of this order. He argues that he was under the impression that the discussion before the court on the State's motion for access to the medical records was informal, and he expected a full evidentiary hearing. The following dialogue is relevant:

The Court: It was right here. Verbally the Court ordered you to let the State have it.

Mr. Rodriguez: How can I be blamed for something I don't know occurs?

The Court: We had an oral confrontation right in front of the bench here and the Court ordered Mr. Rodriguez to give the ... that the State was entitled to have access to that report and I ordered the State to file a written motion and they did. Here it is.

Under Texas law appellant was required to make his objection at the first opportunity in order to preserve error. *Crocker v. State*, 573 S.W.2d 190, 205 (Tex. Crim.App.1978) and more recently *Woolls v. State*, 665 S.W.2d 455, 470 (Tex.Crim. App.1983). We therefore conclude that appellant waived error, if any. Moreover, Dr. Sparks, as defense witness, testified as to the results of the medical tests performed on appellant. Ground of error one is overruled.

Grounds of error two and three concerned allegations of error by the trial court in overruling objections to jury argument by the prosecutor. Appellant objected to the statements of the prosecutor during argument, "are you going to let him go because she doesn't know exactly what

hole he put it in?" He later objected to the following statement by the prosecutor, "his function is to get his client off regardless of whether he's guilty or innocent, he's going to do the best possible." Appellant argues that these remarks by the prosecutor were prejudicial and harmful. The approved general areas for jury argument are summation of the evidence, reasonable deduction from the evidence, answer to argument of opposing counsel, and plea for law enforcement. *Todd v. State*, 598 S.W.2d 286, 296–97 (Tex.Crim.App.1980). Even when an argument exceeds the permissible bounds of the above areas, it will not constitute reversible error unless, in light of the record as a whole, the argument is extremely or manifestly improper, is violative of a statute, or injects new facts, harmful to the accused, into the trial. *Cannon v. State*, 668 S.W.2d 401, 404 (Tex. Crim.App.1984).

■ Defense counsel, during closing argument, invited the challenged remarks by the prosecutor. He argued there was insufficient evidence to convict because the complainant had difficulty describing where appellant inserted his penis. The argument was proper and relevant to the issue of vaginal penetration and was in answer to argument of opposing counsel. *See Franklin v. State*, 693 S.W.2d 420, 429 (Tex.Crim.App.1985).

■ Appellant next objected to the following prosecutor's remarks:

His function is to get his client off regardless of whether he's guilty or innocent, he's going to do the best possible.

Appellant's objection was overruled. He argues that this argument constituted an attack against defense counsel. We cannot agree. The record indicates that the prosecutor's argument was invited. Defense counsel made the following statement to the jury:

The State will never and I have never heard it recommended probation in any case. I have never heard a prosecutor come up to a jury and say, "give probation in this case," because that is not their job. Their job is a pound of flesh,

that's what they are paid for, that's how they are rated.

The argument of the prosecutor was in response to the argument of opposing counsel. *See Franklin v. State*, 693 S.W.2d at 429. Thus, we conclude that appellant was not prejudiced or harmed by the prosecutor's remarks. Grounds of error two and three are overruled.

In the fourth and fifth grounds of error, appellant alleges that the trial court erroneously overruled the objections to the following argument by the prosecutor at the punishment phase:

So I urge you when you begin deliberating, when you go back there, think of the victims of these crimes, think of the ones who never come forward, who can't stand to tell everybody about it.

This is Kathy's day in Court. Doesn't she deserve something for this? For the ones who never come and tell you about it.

Texas courts view with disfavor jury argument that invites the jury to speculate about matters outside the record. In *Jordan v. State*, 646 S.W.2d 946 (Tex.Crim. App.1983) the Court approved the rule in this regard:

Argument injecting matters not in the record is clearly improper; but argument inviting speculation is even more dangerous because it leaves to the imagination of each juror whether extraneous 'facts' may be needed to support a conviction [or assess punishment]. Logical deductions from evidence do not permit within the rule logical deductions from nonevidence.

*Id.* at 947; *see also Walker v. State*, 664 S.W.2d 338, 340 (Tex.Crim.App.1984).

■ The prosecutor's argument called upon the jury to speculate about other victims of rape. The jury could have properly inferred that appellant had raped others who had not reported the offense. The only logical deduction is that the jury was asked to assume facts not in evidence to reach a decision in the assessment of punishment. The test for determining whether

the prosecutor's argument mandates a reversal is based on the probable effect the argument had on the minds of the jurors. *Blansett v. State,* 556 S.W.2d 322, 328 (Tex.Crim.App.1977). The rules in *Pena v. State,* 129 S.W.2d 667 (Tex.Crim.App.1939) remains undisturbed. There the Court stated:

> The object and principal purpose of an argument to the jury ... is to aid and assist them in properly analyzing the evidence and arriving at a just and reasonable conclusion based on the evidence alone, and not on any fact not admitted in evidence. Nor should resort be had in argument to arouse the passion or prejudice of the jury by matters not properly before them.

*Id.* at 669. We therefore conclude that this particular jury argument was outside the record, called upon the jury to speculate about matters not in evidence, was calculated to arouse the passion or prejudice of the jury, and was extremely harmful and prejudicial. Grounds of error four and five are sustained.

The judgment of the trial court is reversed and remanded for new trial. *See Bullard v. State,* 548 S.W.2d 13 (Tex.Crim. App.1977).

DIAL, Justice, dissenting.

I respectfully dissent to that portion of the majority opinion sustaining grounds of error four and five.

The Court of Criminal Appeals has previously held virtually identical jury argument to be a proper plea for adequate punishment and law enforcement. In *Stone v. State,* 574 S.W.2d 85, 90 (Tex.Crim.App. 1978), which was also a case involving sexual abuse of a child, the following argument was made by the prosecutor during the punishment phase of the trial:

> Now, that's sad it really is, and you should think about (the complainant) when you're assessing your punishment. Let's think about her and think about the other children that live in this community that are subjected to this type of conduct by others and use your common sense.

The defendant's objection that the State was urging the jury to consider what happens to other children was overruled. I am unable to distinguish this case from our present one. I feel we are bound by this Court of Criminal Appeals decision.

If anything, the present case is stronger than *Stone* because of evidence here on which the prosecutor's argument was legitimately based. The record reveals that the defendant had threatened the victim with physical harm if she told her mother what had happened. The doctor explained that adolescent children who have had sexual problems within their family have extreme difficulty discussing things that have taken place.

During final argument, counsel may draw from those facts in evidence all inferences that are reasonable, fair and legitimate, and he has wide latitude without limitation in this respect so long as the argument is supported by the evidence and offered in good faith. Such inferences may be based upon what the jury heard and observed in the courtroom during the presentation of evidence. *Vaughn v. State,* 607 S.W.2d 914, 922–923 (Tex.Crim.App. 1980).

The conviction should not be reversed.