

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00190-CR

_____

FERNANDO SOTELO RUIZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th District Court
Morris County, Texas
Trial Court No. 11494-CR

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

Fernando Sotelo Ruiz was convicted of sexual assault of a child,[1] sentenced to twenty years' imprisonment, and ordered to pay a $10,000.00 fine.

On appeal, Ruiz claims that the trial court erred when it precluded him from discussing, during his closing argument, a DNA report generated by a forensic analyst that was not admitted into evidence during trial. Because the trial court did not abuse its discretion in sustaining the State's objection to Ruiz's argument about the DNA report, we overrule Ruiz's point of error and affirm the trial court's judgment.

## I. Factual and Procedural Background

Ruiz was indicted and arrested for sexual assault of a child stemming from an incident that allegedly occurred in February 2015 in Hughes Springs. Ruiz pled not guilty to the charges, and the case proceeded to trial in September 2019.

At trial, the State presented testimony from Chelsy Wingate, a forensic scientist for the Texas Department of Public Safety Crime Laboratory. Wingate testified that a DNA sample obtained during the investigation contained a mixture of DNA from Ruiz and the child-complainant.[2] Ruiz did not object to this testimony. Even so, when the State later offered Wingate's report as evidence, Ruiz objected that "the orderly chain of custody" of the DNA evidence that Wingate examined had not been shown. The State withdrew its proffer of the report.

---

[1]*See* TEX. PENAL CODE ANN. § 22.011 (Supp.).

[2]Wingate testified that the sample was a "mixture profile" that was "573 quadrillion times more likely . . . [to have come] from the victim and the suspect[, Ruiz,] than if the DNA came from the victim and one unrelated unknown individual." Ruiz could not "be excluded as a possible contributor to the profile."

2

During his closing argument, Ruiz discussed Wingate's testimony and report as follows:

> Now it comes to the DNA. She came, she testified that she tested the DNA and what her report was. This is the key part of the thing. This is what they gave me, my copy of it, what they were offering into evidence. I objected because it . . . . reflects different things, they collected different things.

The State objected on the ground that Ruiz was arguing about evidence not submitted to the jury. In response, Ruiz told the trial court he wanted to argue that "they wouldn't let the report in because there was a problem with the chain of custody." The trial court sustained the State's objection. Ruiz neither objected nor made an offer of proof and continued with his closing argument.

## II. The Trial Court Did Not Err by Restricting Ruiz's Closing Argument

On appeal, Ruiz argues that the trial court erred by restricting his closing argument, thereby abridging his right to effective counsel. We disagree.

### A. Standard of Review

A trial court's ruling on the State's objection to a defendant's jury argument is reviewed for an abuse of discretion. *Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004). "[P]roper jury argument generally falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement." *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008).

### B. Analysis

Ruiz is correct that a trial court's limitation of an accused's closing argument "may constitute a denial of the right to counsel." *McGee v. State*, 774 S.W.2d 229, 238 (Tex. Crim. App.

3

1989).[3]  "Although . . . [the] improper denial of a jury argument may constitute a denial of the right to counsel, this holding assumes that the jury argument is one the defendant is entitled to make."  *Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010) (citing *McGee*, 774 S.W.2d at 239 (Tex. Crim. App. 1989)).  That said, the trial court does not abuse its discretion in sustaining an objection to an argument that is not supported by the evidence.  *See Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000).  "Attorneys for both [sides] . . . must confine their arguments to the record."  *Johnson v. State*, 698 S.W.2d 154, 166 (Tex. Crim. App. 1985), *superseded on other grounds by Mayes v. State*, 816 S.W.2d 79 (Tex. Crim. App. 1991).  "[R]eference to facts that are neither in evidence nor inferable from the evidence is improper."  *Id.*  "The purpose of closing argument is to facilitate the jury in properly analyzing the evidence presented at trial so that it may 'arrive at a just and reasonable conclusion based on the evidence alone, and not on any fact not admitted in evidence.'"  *Campbell v. State*, 610 S.W.2d 754, 756 (Tex. Crim. App. [Panel Op.] 1980) (quoting *Stearn v. State*, 487 S.W.2d 734, 736 (Tex. Crim. App. 1972) (quoting *Pena v. State*, 129 S.W.2d 667, 669 (Tex. Crim. App. 1939))).

Ruiz relies on *Arnold v. State*, 68 S.W.3d 93 (Tex. App.—Dallas 2001, pet. ref'd), as authority for the contention that limiting closing argument can amount to a Sixth Amendment violation.  There, Arnold was accused of tampering with a witness for allegedly assisting one of his employees in evading a subpoena to testify at another individual's criminal trial.  *Id.* at 95–96.  "[Arnold] paid [his employee]'s travel and living expenses to leave Dallas and instructed her not

---

[3]McGee complained of the trial court precluding his arguments (1) that "[t]here is very little reliability in a circumstantial evidence case," (2) that "courts have required this higher burden of the State" in circumstantial evidence cases, and (3) that the State "must prove to [the jury] to a moral certainty that [its] case is true and correct, if [it] want[s] to put [the defendant] to death."  *McGee*, 774 S.W.2d at 237–38.

to inform anyone of her location. When the [other person's trial] was over, [Arnold] called [his employee] and wired her money to return to Dallas." *Id.* at 96. During closing arguments, the trial court "prevented [Arnold] from arguing to the jury that the State failed to prove, as an element of its case, that a subpoena had been issued at the time [Arnold] coerced or paid [his employee] to leave Dallas." *Id.* at 102. The Dallas Court of Appeals found that "the existence of legal process was not an element of the case the State was required to prove," and hence, "the trial court's limitation of [Arnold]'s closing argument did not deny [Arnold] effective assistance of counsel." *Id.*

Here, Ruiz attempted to argue about a DNA report that was not in evidence. Moreover, the DNA report was not in evidence because Ruiz successfully objected to its admission. Although Ruiz claimed that he was trying to talk about "part of the trial" at the time the State objected, the argument he was trying to make was not a summation of the evidence. Nor was it a reasonable deduction from the evidence or an answer to argument of opposing counsel. Thus, the trial court did not abuse its discretion in sustaining the State's objection to Ruiz's argument about the DNA report. *See Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010).

Because Ruiz was not entitled to his desired argument, the trial court's limitation did not rise to the denial of counsel. *See id.*; *McGee*, 774 S.W.2d at 239. We, therefore, overrule Ruiz's point of error.

## III. Conclusion

We affirm the trial court's judgment.


Scott E. Stevens
Justice

Date Submitted:     March 20, 2020
Date Decided:       April 9, 2020

Do Not Publish