JAMES COBURN LANGLEY V. THE STATE.

No. 17686. Delivered June 26, 1935.
Rehearing Denied October 23, 1935.

The opinion states the case.

*Long & Strong* and *Sam T. Holt,* all of Carthage, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for assault with intent to murder, punishment two years in the penitentiary.

The party assaulted was Otto House. In the indictment it is alleged that the weapon used in committing the assault was a shovel. The State's evidence shows an unprovoked assault by appellant upon Otto House, the motive apparently being that appellant had been told that House had accused appellant of theft. Appellant was working upon the road, the tools used being grubbing hoes, or picks, and long handled shovels. On the day of the assault appellant had been using a grubbing hoe until a few minutes before the assault when he exchanged it for a shovel. House was struck several blows with the shovel. One blow on the head fractured the skull and rendered him unconscious for several days. The doctor's evidence shows that the wound was serious, and that for

four or five days he was doubtful whether House would live. The wound was such as would likely produce death. One of the doctors testified that "it was possible, but hardly probable that he will ever be a perfectly normal man." The defense was predicated on the claim that House was trying to cut appellant with a knife, and that the latter was acting is self defense.

The court submitted the case from the State's standpoint on assault to murder, with and without malice, and upon aggravated assault. In regard to aggravated assault he told the jury in substance if appellant, not acting in self defense, struck House with a shovel, but without a specific intent to kill, but did inflict serious bodily injury, appellant would be guilty of aggravated assault. The charge upon aggravated assault was not predicated upon the weapon being a deadly weapon, but upon the character of the wound inflicted.

Appellant urges that the court should have charged upon simple assault. It is doubtful if the objections to the charge were sufficiently specific to call the trial court's attention to such complaint. However, assuming that they were it does not occur to us that the issue of simple assault was raised by the evidence. We had occasion to discuss the subject at some length in the opinion on rehearing in No. 17,489, Hal Buie v. State, opinion delivered June 12, 1935 (Reported in 128 Texas Crim. Rep., 654). Many authorities are cited in the opinion.

The point is made that there is a variance between the averments and the proof in that the indictment alleged that the weapon used by appellant was a "shovel" and that prosecuting witness testified it was a "spade." The weapon was described as a long handle shovel by appellant himself, who said the handle was about five and a half feet long. House in his testimony sometimes called it a spade and sometimes a shovel, and in referring to it the names were used interchangeably by witnesses both for the State and defense. There is no merit in the contention.

Complaint is brought forward by bill of exception number one because the court, over objection, permitted House to testify that after appellant struck him between the shoulders that he did not know what took place. Witness said, "That is the last thing I remember. He knocked the breath out of me and I don't know what he did. I couldn't tell you. The next time I knew anything was the ninth day in Marshall when I recognized my wife and Doctor Wyatt." Objection

was interposed to such testimony upon the ground that appellant was not present at the time House regained consciousness and that the testimony given was prejudicial to his rights. It may have been hurtful, but we have not been able to discover in what way it was inadmissible. House certainly had a right to tell how long he remained unconscious as a result of the injury inflicted by appellant, and the fact that he testified that when he first regained consciousness he recognized his wife, and the doctor injects no improper statement observable by us.

Bill of exception number two brings forward complaint that over objection the State proved by the witness Grady Hammonds a conversation which occurred between two brothers of appellant at the time he obtained the shovel from one of them and walked towards House. The court's qualification to the bill shows that other witnesses testified to practically the same thing without objection. We are referred to the statement of facts and the names of the witnesses who gave the testimony. An examination of the statement of facts verifies the correctness of the court's qualification. No error is presented under such circumstances.

Bill of exception number three brings forward complaint of certain testimony elicited from the witness Gus Biggs, which testimony is set out in the bill, but not necessary to be repeated here, because the court's qualification to the bill states that the testimony therein sought to be objected to was elicited by defendant's attorney on cross-examination, and was not introduced by the State.

Bill of exception number four shows the following occurrences. On cross-examination of appellant's witness Monday it was elicited by the district attorney that one of appellant's brothers told another brother to stop appellant, and that the brother to whom the remark was addressed answered that he could take care of himself, and that the district attorney in the presence and hearing of the jury said, "He did take care of himself too, didn't he?" The remark was objected to as being improper. The court calls attention to the fact in his qualification of the bill that when the remark was made he upon request of appellant's attorney instructed the jury not to consider the same. We think the occurrence presents no reversible error.

Appellant complains in bill of exception number six of the statement made by the district attorney in his argument as follows: "Gentlemen of the jury: I don't know of any

man whose face shows honesty and is as void of malice aforethought than Otto House's; on the other hand, I never saw a face that was as aggressive and was hunting trouble as that of defendant." We perceive no vice in the argument. Both House and appellant had been before the jury while testifying and the district attorney seemed to have been stating the impression made upon him from an observation of them, which observation the jury had equal opportunity to make.

We have examined all the complaints brought forward by appellant and find no error upon which a reversal could be predicated.

The judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—A review of the testimony fails to show any state of case calling for a charge on simple assault, and we can not agree with appellant's insistence that a rehearing should be granted because of our holding on this point.

Testimony admitted without objection as to a conversation between two brothers of appellant, renders nugatory an objection to the same testimony from another witness. Precedents are numerous.

That the jury had the same opportunity to inspect the faces of appellant and the prosecuting witness, as did the State's attorney, is manifest, and that fact must show that the remarks of the State's attorney expressing his opinion as to the difference between the appearance of the two men could neither add to nor take from knowledge possessed by every member of the jury as to the appearance of said individuals.

We are not able to agree with any contention made by appellant in his motion, and same will be overruled.

*Overruled.*