Charles Eugene **REYNOLDS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47127.

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

Keith Marks, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

The offense is possession of marihuana; the punishment, twelve years.

Appellant's first ground of error complains of the prosecutor's jury argument.

During defense argument, appellant's counsel said:

"As you can see, he is afraid now. He was shaking on that stand. So, he is capable of fear, and I will get back to that in a little bit."

In reply the prosecutor said:

"Think about his demeanor in Court up to now, because now it's a little different. Think about yesterday. What was his attitude yesterday? You know, he has been here, this is his third time. He is a three time loser and it's just all kind of funny. He doesn't right now, because he is not thinking clearly right now, and we will get to that."

Later, we find the following by the prosecutor:

"If this man had not spent the night in jail last night, you would not have had the opportunity to see this. You see, he wasn't able to go home or go to the bathroom out here and do whatever he might see fit to do. Now, you see the results. You think that's harmless? This man is coming off something—

"MR. HALSEY [defense counsel]: Your Honor, I object to that.

"MR. LOVING [prosecutor]: That's a reasonable deduction, Your Honor.

"THE COURT: Well, as I say, the lawyers are entitled to draw their deductions and inferences, and the jury is entitled to draw their deductions and their inferences at the demeanor and appearance of the Defendant. The Defendant is a subject which can be viewed by the jury and commented upon by the lawyers for both sides, provided, again, that they carefully labor [sic] their deductions as such. I will caution the lawyers.

"MR. HALSEY: Your Honor, I'm going to have to object to Mr. Loving's comment that he is coming off of something and ask that the jury disregard it.

"MR. LOVING: Your Honor, I will retract it and relabel it.

"THE COURT: Disregard it the way he expressed it, Ladies and Gentlemen.

"MR. HALSEY: And ask for a mistrial.

"THE COURT: Overrule your motion for mistrial.

"MR. LOVING: Ladies and Gentlemen, I believe it is a reasonable deduction from the evidence, and I will ask you to make your own deduction. I believe it's a reasonable deduction from the evidence that this man is coming down from an addictive drug.

"MR. HALSEY: And we are going to have to object again, Your Honor.

"THE COURT. I am going to overrule your objection."

In Langley v. State, 129 Tex.Cr.R. 254, 86 S.W.2d 755, this court said that counsel in argument may state "the impression made upon him from an observation [of a witness] which observation the jury had equal opportunity to make."

It is our opinion that the prosecutor's argument that the appellant "is coming down from an addictive drug" was not invited. The argument by appellant's counsel was clearly within the rule announced in *Langley* and quoted above. The rule on invited error is that if the defendant's counsel goes outside of the record in his argument, the prosecutor is then also permitted to go outside the record to respond. Here, defense counsel's argument being within the scope permitted by *Langley,* it was not objectionable, and certainly the State is not permitted to go outside the record to respond to argument which was not itself objectionable.

The State contends the prosecutor's argument was a legitimate deduction from the evidence, and within the rule of *Langley*. The record contains no evidence that the cause of appellant's demeanor was withdrawal from drugs,[1] and consequently

---

1. On cross-examination during the punishment stage, appellant stated he had an ulcer and felt sick, but the conclusion reached by the prosecutor cannot fairly be said to be a logical deduction from such testimony.

argument to that effect cannot be said to be a deduction from the evidence.

■ The *Langley* opinion rests upon the rationale stated therein upon motion for rehearing:

"That the jury had the same opportunity to inspect the faces of appellant and the prosecuting witness, as did the state's attorney, is manifest, and that fact must show that the remarks of the state's attorney expressing his opinion as to the difference between the appearances of the two men could neither add to nor take from knowledge possessed by every member of the jury as to the appearance of said individuals." 86 S.W.2d at 757.

The comment of the prosecutor in *Langley* was:

"I don't know of any man whose face shows honesty and is as void of malice aforethought than [the prosecuting witness']; on the other hand, I never saw a face that was as aggressive and was hunting trouble as that of defendant."

Such statements may be said to be in the nature of observations requiring no expertise, and therefore incapable of adding to or subtracting from the knowledge of the jurors who had likewise viewed the witnesses. Such statement is also true of the defense counsel's argument that appellant was shaking on the stand and appeared afraid. Such, however, is not true of the statement that appellant was "coming down from an addictive drug." There was no evidence that appellant had the appearance of one "coming down from an addictive drug." We are unable to say that "coming down from an addictive drug" is of such common occurrence that its recognition requires no expertise. Cf. Smithhart v. State, Tex.Cr.App., 503 S.W.2d 283 (1973). Consequently, *Langley* does not apply. The prosecutor's comments amounted to the injection of new evidence, constituting reversible error.

We note that a machine gun kit, a pistol, and evidence of stolen credit cards were improperly admitted into evidence, and although we do not reverse on the grounds raising those issues, we trust such error will not be repeated in the event appellant is retried for this offense. See Schuenemann v. State, Tex.Cr.App., 501 S.W.2d 319; Cunningham v. State, Tex.Cr.App., 500 S.W.2d 820; Hernandez v. State, Tex.Cr.App., 484 S.W.2d 754.

For the reversible error cited, the judgment is reversed and the cause remanded.