Darrell Wayne JORDAN, Appellant,

v.

The STATE of Texas, Appellee.

Diane JORDAN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 67346, 67347.

Court of Criminal Appeals of Texas, En Banc.

March 16, 1983.

Ronald H. Moody, Walter Dick Kettler, Waco, for appellant.

Felipe Reyna, Dist. Atty. and Lynn Malone, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

TEAGUE, Judge.

Darrell Wayne Jordan and Diane Jordan, appellants, were separately indicted for the felony offense of possession of marihuana. They were jointly tried before a jury. The jury found each guilty and assessed punishment at three years' confinement in the penitentiary but recommended in the instance of Diane that her punishment be probated.

■ We have found reversible error in the jury argument of one of the prosecuting attorneys. Appellants do not challenge the sufficiency of the evidence. We will, therefore, not discuss the facts of the case. The other grounds of error that appellants raise in the appeals are without merit.

At the punishment stage of the trial, shortly prior to completing his jury argument, one of the prosecuting attorneys made the following statement to the jury:

I can't show you his arms, he's [referring to the appellant Darrell Wayne Jordan] got long sleeves on, and I don't know if you can see hers [referring to appellant Diane Jordan] or not—

One of the trial counsel for the appellants attempted at that time to interpose an objection, but the prosecuting attorney continued his argument:

—but look at the needle tracks on them.

Trial counsel for appellants then succeeded in making an objection, "for the reasons that it allows the jury to speculate about matters not in evidence." The objection was overruled by the trial judge.

Our search of the record of appeal to find something on which the prosecuting attorney based his argument, and our failure to find anything which would have supported his argument, causes us to agree with the statement that the appellants have made in their brief: "There was no evidence in the record about needle tracks on anyone's arms." Furthermore, our reading of the record does not indicate that anyone with normal eye sight could have seen any needle marks on the appellant Diane Jordan's arms, if any were in fact on her arms. The prosecutor himself admitted in his argument, as to the appellant Darrell Wayne Jordan, that no one could have seen any needle marks on his arms, if any were in fact on his arms. Also, this is a possession of marihuana case and not a possession of a controlled substance such as heroin case.

Unquestionably, by the unsworn and not admitted into evidence statements of the prosecuting attorney, the jury was left to speculate on whether or not the appellants had needle marks on their arms, which if resolved in the affirmative would lead the jury to further speculate whether or not the appellants had been injecting themselves with a substance such as heroin versus something such as insulin.

In *Berryhill v. State,* 501 S.W.2d 86 (Tex. Cr.App.1973), this Court in a unanimous opinion made the following statement:

Argument injecting matters not in the record is clearly improper; but argument inviting speculation is even more dangerous because it leaves to the imagination of each juror whether extraneous 'facts' may be needed to support a conviction [or assess punishment]. Logical deductions from evidence do not permit within the rule logical deductions from nonevidence.

■ We find that the prosecuting attorney's jury argument in this instance falls outside the boundaries of proper jury sum-

mation, which boundaries are set forth in *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr. App.1973); also see *Campbell v. State,* 610 S.W.2d 754 (Tex.Cr.App.1981); *Todd v. State,* 598 S.W.2d 286 (Tex.Cr.App.1980); *Dunbar v. State,* 551 S.W.2d 382 (Tex.Cr. App.1977). A prosecuting attorney is permitted in his argument to draw from the facts in evidence all inferences which are reasonable, fair, and legitimate, but he may not use jury argument to get before the jury, either directly or indirectly, evidence which is outside the record. A prosecuting attorney, though free to strike hard blows, is not at liberty to strike foul ones, either directly or indirectly. *Jackson v. State,* 529 S.W.2d 544, 546 (Tex.Cr.App.1975).

█ Although it is true that a prosecuting attorney, like his counterpart, is entitled to call to the attention of the jurors what they had an opportunity equal to his to observe, see *Langley v. State,* 129 Tex.Cr.R. 254, 86 S.W.2d 755 (Tex.Cr.App.1935); *Threadgill v. State,* 124 Tex.Cr.R. 287, 61 S.W.2d 821 (Tex.Cr.App.1933); *Thom v. State,* 167 Tex.Cr.R. 258, 319 S.W.2d 313 (Tex.Cr.App.1958), nevertheless, such must be reflected in the record or be of such common occurrence that its recognition requires no expertise before proper comment thereon may occur. The above argument is totally unsupported in the record of appeal by either direct or indirect evidence that was then before the jury. Furthermore, the argument does not concern something of such common occurrence that its recognition requires no expertise. The argument that was made was therefore unwarranted. Because of its manifest and harmful character, it constitutes reversible error.

Recently this Court in *Reynolds v. State,* 505 S.W.2d 265 (Tex.Cr.App.1974), was confronted with a similar situation as at bar. There, the defendant was convicted of possession of marihuana, which is the offense for which these appellants were convicted. The prosecuting attorney in *Reynolds* argued in part: "I believe it's a reasonable deduction from the evidence that this man is coming down from an addictive drug." This Court in its opinion pointed out the

following: "The record contains no evidence that the cause of appellant's demeanor was withdrawal from drugs, and consequently argument to that effect cannot be said to be a deduction from the evidence. In addressing the "observation by counsel" rule of law, this Court pointed out the following:

There was no evidence that appellant had the appearance of one 'coming down from an addictive drug.' We are unable to say that 'coming down from an addictive drug' is of such common occurrence that its recognition requires no expertise... The prosecutor's comments amounted to the injection of new evidence, constituting reversible error.

The State argues in its brief in this cause that "the jury had the same opportunity to observe [the appellants] as the prosecutor and, the State would submit, a needle mark is sufficiently distinctive that the casual observer may reasonably identify it without special training."

█ Although it is usually permissible for the attorneys to comment on impressions made upon them from observation, when the jury has equal opportunity to also make the same observation, see *Langley v. State,* 129 Tex.Cr.R. 254, 86 S.W.2d 755 (Tex.Cr.App.1935), that rule is not without limitations as observed in *Reynolds v. State,* supra. However, where the chain of inferences stemming from such observation is too long and contains too many gaps, then verbalizing such impressions formed by observation is impermissible. In this instance, the State did not, in its admissible evidence, show an affirmative link between the possession of the marihuana and the needle marks on the arms of the appellants, if in fact there were such needle marks. The prejudicial effect of the prosecuting attorney's jury argument, unsupported by any admissible evidence, far outweighs any probative value it might have had. In *Powell v. State,* 478 S.W.2d 95 (Tex.Cr.App.1972), this Court was confronted with the admission into evidence in a felony theft of lawnmowers case the fact that when the defendant was arrested it was shown that he had

needle marks on his arm. The State's theory for the evidence of the needle marks being admissible was that the defendant was on trial for theft and the needle marks would indicate that the defendant was an addict; therefore, reasoned the State, the evidence showed motive for commission of the theft. This Court rejected the State's theory and, for reasons stated in the opinion, held: "To admit such testimony without showing some affirmative link between the theft and narcotics would show only that the accused is 'a criminal generally'. This, the general rule heretofore quoted prohibits. *Young v. State,* 159 Tex.Cr.R. 164, 165, 261 S.W.2d 836, 837 (Tex.Cr.App. 1953)."

Furthermore, even assuming that the appellants had needle marks on their respective arms, taken together with the fact that syringes were found in the vicinity where the marihuana for which the appellants were prosecuted was seized, whatever probative value the fact that the appellants had needle marks may have had, was far outweighed by its prejudicial effect. The argument should not have been made.

The judgment of conviction is reversed and the cause remanded to the trial court.