Robert Preston **GADDIS, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 01–84–0656–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 7, 1986.

Wayne T. Hill, Houston, for appellant.

John B. Holmes, Jr., Harris Cty. Dist. Atty., Calvin A. Hartmann, Jon Munier, Harris Cty. Asst. Dist. Attys., Houston, for appellee.

Before SAM BASS, DUNN and KEITH*, JJ.

## OPINION

KEITH, Justice.

Appellant was charged by information with the offense of driving a motor vehicle in a public place while intoxicated. The court denied appellant's motion to suppress the breath test refusal and granted appellant's motion to suppress testimony contained on the video tape and denied as to remaining testimony concerning intoxication. After a jury found the appellant guilty as charged, the court assessed appellant's punishment at six months confinement in jail, probated for two years, and a $200 fine. The appellant now asserts five grounds of error. We reverse.

On May 23, 1984, the appellant and two business associates were present at a bar-restaurant known as Bentley's Club. While leaving the bar, all three became involved in an altercation with Bentley's employees. In responding to a disturbance call, the police arrived at the scene and the employees pointed to the appellant as one of the persons involved in the disturbance. The appellant was in his car attempting to leave the parking lot when one of the officers approached the appellant's vehicle. Upon questioning the appellant, the police officer determined that appellant's speech was slurred and the officer smelled a heavy odor of alcohol on appellant's breath. The officer proceeded to arrest appellant for driving while intoxicated. The appellant maintained that he was not intoxicated and that any appearance of intoxication was due solely to having been beaten and choked during the brawl outside the bar. While at the police station, appellant refused any and all requests by the police to take a breath test and repeatedly invoked his right to have his attorney present.

Appellant's fifth ground of error is that the trial court erred in overruling appellant's objection to the state's improper jury argument. Specifically, appellant is complaining about the state's final argument where the prosecutor, in referring to appellant's refusal to take the breath test, said, "You know why he refuses? Because if he blows in the machine, the game is over." Appellant relies on *Menefee v. State*, 614 S.W.2d 167 (Tex.Crim.App.1981) for the assertion that the state's comments were unsworn personal opinion that if appellant had taken the test he would have failed. However, in *Menefee*, a witness, Virse Hayes, was the only witness who could identify appellant as the one who committed the offense. Her credibility was subjected to strong attack on cross-examination. In his final argument, the state's attorney said "And Virse, I don't believe I have ever seen anybody that I thought was any more honest than she is." The court reversed the robbery conviction and condemned the effort on the part of the state

to bolster the credibility of its witness by unsworn testimony. *Id.* at 168.

■ The four areas permitted in jury arguments are: (1) summation of evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. *Todd v. State*, 598 S.W.2d 286, 296–97 (Tex.Crim. App.1980). Even when an argument exceeds the permissible bounds of the above areas, it will not be reversible error, unless in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute or injects new facts, harmful to the accused, into the trial. *Id.* at 297.

The state cites *Jordan v. State*, 646 S.W.2d 946 (Tex.Crim.App.1983) for holding that a prosecuting attorney is permitted in his argument to draw from the facts in evidence all inferences which are reasonable, fair, and legitimate. However, *Jordan* does not so hold. The state fails to note that the Texas Court of Criminal Appeals, en banc, continued to add, "... but he may not use jury argument to get before the jury, either directly or indirectly, evidence which is *outside the record.* (Emphasis added). A prosecuting attorney, though free to strike hard blows, is not at liberty to strike foul ones, either directly or indirectly." *Id.* at 948.

The state in this case struck a foul blow. The statute under which appellant was convicted states that a person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(b). (Vernon Supp.1986).

■ Intoxication is defined in art. 6701*l*–1(a)(2)(A) or (B).

(2) "Intoxicated" means:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; *or*

(B) having an alcohol concentration of 0.10 percent or more. (Emphasis added).

Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(a)(2) (Vernon Supp.1986). Under these provisions of the statute, there are two alternative ways that the state can prosecute for drunk driving. In the appellant's case, the state elected to have the information read "not having the normal use of mental or physical faculties by reason of the introduction of alcohol into his body." There was nothing in the record to show that appellant's alcohol concentration was .10% or more, as asserted by the state's argument. By use of improper jury argument, the state could not ask the jury to convict the defendant under either 6701*l*–1(a)(2)(A) or 6701*l*–1(a)(2)(B). The state's argument was an attempt to inject new facts harmful to the accused into the trial proceeding. *Todd* at 297.

■ The state may not suggest in final argument that evidence, which was not present at trial, provides additional grounds for finding defendant guilty. *United States v. Garza*, 608 F.2d 659, 663 (5th Cir.1979). The prejudicial effect of the prosecutor's argument that appellant's alcohol concentration was .10% or more ("if he blows the machine, the game is over"), unsupported by any admissible evidence, far outweighs any probative value it might have had. *See Jordan* at 948. *Cf. Scherlie v. State*, 689 S.W.2d 294, 296 (Tex.App. —Houston [1st Dist.] 1985, *aff'd*, 715 S.W.2d 683 (Tex.Crim.App.1986). (Under the new law, once it is shown that the defendant had an alcohol concentration of .10% or more, there is nothing left for the jury to presume. The offense has been proved. The new definition of "intoxicated" in art. 6701*l*–1(a)(2)(B) does not give rise to any presumption of intoxication; on the contrary, an alcohol concentration of .10% constitutes intoxication standing alone. It is a separate, independent, additional way in which DWI may be committed.).

Appellant's fifth ground of error is sustained and the judgment is reversed and remanded. Because of the disposition of appellant's fifth ground of error, we need

not consider the remaining grounds of error.

Reversed and remanded