NO. 07-00-0028-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 29, 2001

______________________________

JOHN KENNETH WEEKLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 195
TH
 DISTRICT COURT OF DALLAS COUNTY;

NO. F-9970550-MN; HONORABLE J. ZIMMERMANN, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Upon a plea of not guilty, appellant John Kenneth Weekley was convicted by a jury of delivery of a controlled substance, enhanced, and punishment was assessed at 30 years confinement.  Presenting four issues, appellant challenges his conviction asserting the following:  (1) the evidence is legally insufficient to support a finding against him on the issue of entrapment, (2) the evidence is factually insufficient to support a finding against him on entrapment, (3) a pure objective rather than a mixed subjective/objective standard should be applied in our review of the entrapment issue, and (4) improper jury argument by the prosecutor during the punishment phase resulted in reversible error.  Based upon the rationale expressed herein, we affirm.

In response to a citizen’s complaint that drugs were being sold from an apartment, undercover officers Xavier Castillo and Mark Underwood encountered appellant twice to purchase drugs.  On the first occasion the officers pulled into a parking lot of a vacant apartment.  Underwood waited in the car while Castillo went inside the apartment and gave appellant $50 for crack cocaine.  Appellant asked Castillo to wait in the bedroom.   After a lapse of time, Castillo became suspicious and emerged from the bedroom to find the front door open and appellant gone.  During his testimony, appellant admitted he took the $50 and left with no intention of buying drugs.  Realizing they had been “ripped off,” Castillo and Underwood drove around looking for appellant and asked people in the area if they knew him.  They did not find appellant that day.  

Several days later, on February 3, 1999, the officers drove by the vacant apartment and noticed appellant standing outside.  Fearful of them for taking their $50, appellant headed away from them into the vacant apartment.  The officers followed him inside and found him holding a wooden stick in a threatening manner.  Castillo asked appellant what happened to his money or “dope.”  Appellant lied and claimed the $50 had been stolen from him.  According to Castillo’s testimony, he agreed to forget the $50 if appellant would take him to nearby dealers to buy $100 worth of crack cocaine.  The three drove together for a short distance to another apartment where appellant introduced Castillo to drug dealers.  Castillo negotiated the buy and appellant was not involved in the transaction.  Underwood waited in the car.  After the deal, appellant voluntarily got back in the car with the officers and was dropped off a short distance away.  Underwood and Castillo testified that they gave appellant $20.  Appellant, however, said he could not recall receiving $20 from them.   Several days later the drug dealers were arrested.  Thereafter, while standing on a street corner, appellant was shot in the face by someone associated with the dealers.  He was seriously injured, had several surgeries, and had his mouth wired shut at the time of trial.  Appellant was indicted for delivery of a controlled substance.  At trial, appellant presented an entrapment defense that the jury implicitly rejected by convicting him of the charged offense.

We first address appellant’s third point of error by which he urges this Court to apply a purely objective test in reviewing the issue of entrapment.  Relying on the dissent in England v. State, 887 S.W.2d 902, 919 (Tex.Cr.App. 1994), appellant argues that a plain reading of section 8.06(a) of the Texas Penal Code makes it clear that the Legislature intended an objective test for entrapment.  We disagree.  Section 8.06(a) provides that entrapment is a defense to prosecution for the conduct charged if the actor was induced by persuasion or other means likely to cause persons to commit the offense.  Tex. Pen. Code Ann. § 8.06(a) (Vernon 1994).  The Court of Criminal Appeals has concluded that section 8.06(a) codifies a mixed subjective/objective test for determining entrapment.  
England
, 887 S.W.2d at 910.  The subjective prong requires an accused to show that he was in fact induced by law enforcement to engage in illegal conduct.  
Id
. at 913.  The objective prong requires an accused to show that the conduct that induced him to act would have induced an ordinary person to do the same.
  Id
. at 914.  As an intermediate appellate court, we are duty bound to follow the pronouncements of the Texas Court of Criminal Appeals.  Flores v. State, 883 S.W.2d 383, 385 (Tex.App.–Amarillo 1994, pet. ref’d).  Thus, we have a responsibility to follow 
England
 and apply a mixed subjective/objective test in reviewing appellant’s claim of entrapment.  Point of error three is overruled.

By his first and second points of error, appellant contends the evidence is legally and factually insufficient to support a finding against him on entrapment.  We disagree. 
 In resolving the legal sufficiency of the evidence, we determine whether after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found against appellant on entrapment beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Saxton v. State, 804 S.W.2d 910, 914 (Tex.Cr.App. 1991).  In other words, we view the evidence in the light most favorable to the implicit rejection of entrapment.  Adelman v. State, 828 S.W.2d 418, 421 (Tex.Cr.App. 1992); Liggins v. State, 979 S.W.2d 56, 61 (Tex.App.–Waco 1998,  pet. ref’d).

After conducting a legal sufficiency review, we proceed with a factual sufficiency review.  Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996).  We determine whether a neutral review of all the evidence demonstrates that the implicit rejection of entrapment is so obviously weak as to undermine confidence in the fact finder’s determination, or is greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); 
see also
 King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000).  In conducting our analysis, we may disagree with the jury’s determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder.  Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

Entrapment is a defense to prosecution when a person engages in illegal conduct because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense.  Tex. Pen. Code Ann. § 8.06(a) (Vernon 1994).  However, "[c]onduct merely affording a person an opportunity to commit an offense does not constitute entrapment."  
Id.
  To raise a claim of entrapment, an accused must initially establish a 
prima facie
 showing of such a defense.  Richardson v. State, 622 S.W.2d 852, 856 (Tex.Cr.App. 1981); 
see also
 Reese v. State, 877 S.W.2d 328, 333 (Tex.Cr.App. 1994).

In establishing inducement by law enforcement, the defendant must show that he was actually induced to commit the charged offense and show that the influence by law enforcement would cause an ordinary law abiding citizen with average resistance to commit the offense.  
England
, 887 S.W.2d at 909.  The issue of entrapment is not raised where the facts only indicate that the criminal design originates in the mind of the accused and the law enforcement officials or their agents merely furnish opportunity for or aid the accused in the commission of the crime.  Lopez v. State, 574 S.W.2d 563, 565 (Tex.Cr.App. 1978).   

Subjectively, an accused who claims entrapment is required to show that he was actually induced to commit the charged offense; objectively, the nature of the police activity involved must be examined without reference to the predisposition of the particular defendant.  
England
, 887 S.W.2d at 908.  The purely objective test is
 described as follows: 

The hallmark of a purely objective test for entrapment is the hypothetical person. Once the defendant can show he has been the target of persuasive police conduct, regardless of whether he was in fact persuaded to commit an offense, the focus is directed to the police conduct itself.  The question becomes whether the persuasion used by the law enforcement agent was such as to cause a hypothetical person--an ordinarily law abiding person of average resistance--to commit the offense, 
not
 whether it was such as to cause the accused himself, given his proclivities, to commit it.

(Emphasis in original).  
Id.

The amount of persuasion used to persuade an ordinarily law abiding person of average resistance who is not pre-disposed to commit the offense will vary from case to case.  
Cf.
 Torres v. State, 980 S.W.2d 873, 877 (Tex.App.--San Antonio, 1998, no pet.) (holding that close friendship existed between undercover agent and his friend of twelve years who had previously worked together and was sufficient to show that friend was not pre-disposed to commit offense); Sebesta v. State, 783 S.W.2d 811, 814 (Tex.App.--Houston [1
st
 Dist.] 1990, pet. ref'd) (holding that a close friendship did not exist when agent and defendant had only known each other for two years and knew each other by name only).  Affirmative findings of objective inducement are generally limited to outrageous law enforcement actions occurring in instances of the rarest and most egregious government misconduct.  Hubbard v. State, 770 S.W.2d 31, 39 (Tex.App.--Dallas 1989, pet. ref'd). 

Officers Underwood and Castillo testified that on February 3, 1999, they approached appellant about purchasing crack cocaine.  They both denied threatening, coercing, or pressuring appellant.  Underwood thought he might have heard Castillo refer to appellant as a “piece of shit.”  Castillo, however, denied swearing at appellant.  No physical force was used to induce appellant to commit a crime.  The officers did not exhibit their weapons and appellant testified that he never saw any guns, but suspected they might be armed. The evidence established that the officers and appellant were not friendly and that raised voices may have been used, but according to Underwood and Castillo, they did not coerce appellant into setting up a drug buy.

On the other hand, appellant’s recollection of the events of February 3, 1999, conflicts with the versions offered by Underwood and Castillo.  According to appellant’s testimony, he was afraid of the officers especially because he believed he had “ripped off” dealers.  He claimed that he had no intention of buying drugs for the officers and that they used profanity, threats, and badgered him into setting up a buy.  He denied being a willing participant in the deal and claimed to have set it up out of fear.  However, appellant also admitted to voluntarily getting back into the officers’ car after the transaction was completed.

The fact finder is the judge of the credibility of the witnesses and the weight to be given their testimony and may resolve or reconcile conflicts in the testimony, accepting or rejecting such portions thereof as it sees fit.  Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App–Amarillo 1997, pet. ref’d).  Although the evidence regarding entrapment is conflicting, in resolving the inconsistencies, the jury chose to believe that appellant was not induced to commit the charged offense.  Reviewing the entrapment issue subjectively, we find that appellant did not satisfy the first prong of an entrapment defense because he did not prove that he was actually induced into committing a crime.  In other words, he did not establish a 
prima facie
 showing of entrapment.  Objectively, appellant did not establish that he was the target of persuasive police conduct that would have caused an ordinarily law abiding person of average resistance to commit the crime.  Applying 
Jackson 
and
 Johnson
, we find the evidence is legally and factually sufficient to support the jury’s implicit rejection of entrapment.  Points of error one and two are overruled.

By his fourth point of error, appellant contends the prosecutor committed reversible error during the punishment phase of the trial when he argued that appellant sold drugs in the presence of children.  We disagree.  Permissible jury argument must fall within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to opposing counsel’s argument; or (4) plea for law enforcement.  Lagrone v. State, 942 S.W.2d 602, 619 (Tex.Cr.App. 1997), 
cert. denied
, 522 U.S. 917, 118 S.C.t 305, 139 L.Ed.2d 235 (1997); Fant-Caughman v. State, No. 07-00-00028-CR, 2001 Tex.App. LEXIS 1146, at *5 (Tex.App.–Amarillo Feb. 22, 2001, no pet. h.).  Improper jury argument constitutes reversible error only if, in light of the entire record, the argument is extreme or manifestly improper, violates a mandatory statute, or injects new facts that are harmful to the accused.  Wilson v. State, 938 S.W.2d 57, 59 (Tex.Cr.App. 1996).

During closing argument in the punishment phase the prosecutor asked, “What value do we place on a street dealer where kids are walking by them”?  Defense counsel’s objection that the reference to kids walking by was outside the record was overruled.  Several similar comments followed and defense counsel’s objections to them were sustained.  We must first determine whether the prosecutor’s comment was improper.

During the guilt/innocence phase, while Officer Underwood was testifying, the prosecutor asked: 

Q.  Okay.  You mean a street deal, that – that’s the kind of deal that – where drug dealers stand around on the street and wait for somebody to walk up to them; is that right?

A.  That’s correct.

Q.  That’s what makes our streets so safe for our kids to walk down.

Defense counsel’s objection to the prosecutor’s comment was sustained by the trial court.  A prosecutor is permitted during argument to draw from the facts in evidence all inferences that are reasonable, fair, and legitimate, but jury argument is improper if used to present to the jury, either directly or indirectly, evidence that is outside the record.  Jordan v. State, 646 S.W.2d 946, 948 (Tex.Cr.App. 1983).  There is no evidence that any “kids” were present during the drug transaction that led to appellant’s arrest.  Thus, the prosecutor’s argument went outside the record and was improper.  Further, the fact that the trial court sustained defense counsel’s objection during the guilt/innocence phase, but overruled the same objection during punishment results in an incorrect ruling by the trial court.

Having determined that the prosecutor’s argument was improper, we must conduct a harm analysis.  Most comments that fall outside the areas of permissible jury argument are considered non-constitutional error and reviewed under Rule 44.2(b) of the Texas Rules of Appellate Procedure.  Mosley v. State, 983 S.W.2d 249, 259 (Tex.Cr.App. 1998), 
cert. denied
, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999); 
see also
 Martinez v. State, 17 S.W.3d 677, 692 (Tex.Cr.App. 2000).  Rule 44.2(b) provides that non-constitutional error that “does not affect substantial rights must be disregarded.”  Determining harm in improper argument cases requires the balancing of three factors: (1) severity or prejudicial effect of the misconduct, (2) curative measures, and (3) certainty of conviction absent the misconduct.  
Mosley
, 983 S.W.2d at 259.  These factors apply to improper argument that occurs during the punishment phase.  
Martinez
, 17 S.W.3d at 693. 

The prosecutor’s reference to “kids walking by” was improper; however, it was brief and although outside the record, was not so severe as to influence the jury beyond an argument that constitutes a plea for law enforcement.  The second factor weighs in favor of appellant because the objection to the prosecutor’s comment was overruled eliminating the opportunity for a curative measure.  The third factor, however, weighs heavily in favor of the State.  The evidence presented was legally and factually sufficient to establish appellant’s guilt of the crime and the implicit rejection of his claim of entrapment.  Further, although appellant was convicted of a second degree felony, the enhancement permitted the jury to consider the punishment range for a first degree felony.  Tex. Pen. Code Ann. § 12.42(b) (Vernon 1994).  At least nine previous offenses were established, yet appellant’s punishment of 30 years was on the lower end of the maximum 99 years that the jury was permitted to consider.  In balancing the 
Mosley
 factors, we find that any error associated with the prosecutor’s argument was harmless.  Point of error four is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

Do not publish.