11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Abel Trevino

Appellant

Vs.                   Nos.
11-01-00081-CR & 11-01-00082-CR  B Appeals from Howard County

State of Texas

Appellee

 

The jury
convicted Abel Trevino of two counts of sexual assault. The jury also found
that appellant had previously been convicted of the offenses of murder and
aggravated sexual assault involving a child and assessed his punishment at life
imprisonment in each cause.  We affirm.

Appellant
lived with the victim for approximately three and one-half years.  In March 2000, the victim and appellant
ceased living together.  However,
appellant continued to go to the victim=s home following the breakup. 
He visited the victim=s granddaughter there, and he also continued to do things around the
house such as mow the lawn and repair vehicles. 

On the
date of the offense, appellant went to the victim=s home.  Appellant insisted that
the victim go to his house with him; she did. 
The victim testified that, when they were at appellant=s house, he slapped her repeatedly, took her
into his bedroom, took off her clothes, and forced her to have vaginal and oral
sex with him.  

Two days
later, the victim called the police.  The
day after she filed the original report, the victim talked with Jim Rider, a
police detective.  Detective Rider
testified that the victim told him that appellant beat her and that he caused
her nose to bleed, bruised her, and gave her a black eye as a result of the
offenses.  No one performed a rape
examination, nor did anyone collect any evidence from appellant=s home. 
Detective Rider testified that appellant later admitted that he hit the
victim but that he denied sexually assaulting her because, according to
appellant, sex with the victim was Arepulsive.@ 

Faustino
Gonzales, appellant=s
coworker, also testified.  Gonzales said
that appellant told him that he hit the victim but that he never mentioned
having sex with her. 








In his
first point of error, appellant asserts that the trial court erred when it
failed  to charge the jury on the lesser
included offense of assault. Appellant requested a charge on simple assault.

A charge
on a lesser included offense is required when the lesser included offense is
included within the proof necessary to establish the offense charged and when
there is some evidence in the record that the defendant is guilty of only the
lesser offense.  Royster v. State, 622
S.W.2d 442, 446 (Tex.Cr.App.1981).  There
must be some evidence in the record that would allow a rational jury to find
that, if the defendant is guilty, he is guilty only of the lesser included
offense.  Arevalo v. State, 943 S.W.2d
887, 889 (Tex.Cr.App.1997), citing Rousseau v. State, 855 S.W.2d 666, 672-73
(Tex.Cr.App.), cert. den=d, 510 U.S. 919
(1993).  Appellant recognizes that there
are two different ways in which the evidence can indicate that he is guilty
only of a lesser included offense.  See
Saunders v. State, 840 S.W.2d 390, 391 (Tex.Cr.App.1992). AFirst, there may be evidence which refutes or
negates other evidence establishing the greater offense.@ 
Saunders v. State, supra at 391. 
Here, Detective Rider=s testimony is that appellant denied the sexual assault. That may be
evidence that he denied committing the sexual assault outside of court,
but it is not evidence that he did not commit the acts.  The testimony of Gonzales is that appellant
never mentioned the sexual assault; however, that is not evidence that
appellant did not commit the acts.  The
testimony of Detective Rider and Gonzales does not constitute any evidence that
appellant is only guilty of assault and does not refute the victim=s testimony that she was sexually
assaulted.  ASecond, a defendant may be shown to be guilty
only of the lesser offense if the evidence presented is subject to different
interpretations.@ 
Saunders v. State, supra at 392. 
In this case, the only evidence as to the occurrence of a sexual assault
that was presented to the jury was the victim=s testimony that she was sexually assaulted by appellant.  The evidence is not subject to different
interpretations.  The trial court did
not err when it denied appellant=s requested instruction on the lesser included offense of assault.  Appellant=s first point of error is overruled. 








Appellant=s second point of error challenges the
indictments.  Appellant maintains that
the State alleged no offense in the indictments and that the State failed to
adequately inform appellant of the charge against him. He claims that there was
no notice of the manner and means of lack of consent.  During trial, appellant=s counsel moved to quash the indictment alleging that it did not set
out the manner and means by which appellant acted without consent.  Appellant did not make this motion until
after all of the witnesses had testified at trial.  The trial court denied the motion.  The State points out that appellant waived the right to appeal on
this point of error.  If an appellant:

[D]oes not object to a defect, error, or
irregularity of form or substance in an indictment...before the date on
which the trial on the merits commences, he waives...the right to
object...and he may not raise the objection on appeal or in any other
postconviction proceeding.  (Emphasis
added)

 

TEX. CODE CRIM. PRO. ANN.
art. 1.14(b) (Vernon Supp. 2001).  Where
a motion to quash is not timely presented, nothing is preserved for
review.  See Anderson v. State, 615
S.W.2d 745, 746 (Tex.Cr.App.1981).

Moreover,
an indictment is sufficient Aif it accuses someone of a crime with enough clarity and specificity to
identify the penal statute under which the State intends to prosecute, even if
the instrument is otherwise defective.@  Duron v. State, 956 S.W.2d
547, 550-51 (Tex.Cr.App.1997).  The
language in both indictments tracks the language of the statute, TEX. PENAL
CODE ANN. ' 22.011 (Vernon Supp. 2001), with enough
specificity so that it is clear that the State intended to prosecute appellant
for sexual assault.   An indictment is not
necessarily defective even though all elements of the offense are not
alleged.  See Studer v. State, 799
S.W.2d 263, 268 (Tex.Cr.App.1990).   The
indictment must only charge an offense. 
See Studer v.  State, supra at
272.  The State was not required to
specify the manner in which the victim did not consent.  The indictments were sufficient in that both
clearly charged sexual assault. 
Appellant=s second point of error is overruled.

In his
third point of error, appellant challenges the propriety of the State=s jury argument.  The portion of the State=s jury argument which appellant asserts is improper is set out in
relevant part:

[PROSECUTOR]:  You know, I don=t know if you recall when we selected the
jury or went through the voir dire process yesterday, but when [defense
counsel] got up after he filled in a little information about some things that
weren=t on the jury information cards, the first
thing he started talking to you about was punishment, the very first
thing.  And that=s an unspoken message --

 

[DEFENSE
COUNSEL]:  Your Honor, I object --

 

[PROSECUTOR]:  B to you.

 








[DEFENSE
COUNSEL]:  B to trying to figure out what in my mind is
by the way that I conduct my voir dire.

 

[PROSECUTOR]:  That=s a conduct of counsel, Your Honor.

 

THE
COURT:  Be careful.  Go ahead.

 

There are
four permissible areas of jury argument. 
Lagrone v. State, 942 S.W.2d 602, 619 (Tex.Cr.App.1997).  These areas are:  A(1) summations of the evidence;  (2) reasonable deductions from the evidence;
(3) responses to the defendant=s argument; or (4) a plea for law enforcement.@ 
Lagrone v. State, supra at 619. 
During jury argument, a prosecuting attorney may draw from the facts in
evidence as well as all inferences from the facts which are reasonable, fair,
and legitimate.  However, the prosecutor
may not use jury argument to place before the jury, either directly or
indirectly, evidence which is not in the record.  AA prosecuting attorney, though free to strike
hard blows, is not at liberty to strike foul ones, either directly or
indirectly.@ 
Jordan v. State, 646 S.W.2d 946, 948 (Tex.Cr.App.1983).  The prosecutor is not entitled to make
personal comments, but is required to keep the argument within the four
permissible areas.

 Even if the State=s inference regarding the Aunspoken message@ of appellant=s counsel was inappropriate jury argument, it is not reversible
error.  Erroneous rulings by the trial
court following improper jury argument are classified as Aother errors@ or non-constitutional errors under TEX.R.APP.P. 44.2(b).  See Mosley v. State, 983 S.W.2d 249, 259
(Tex.Cr.App.1998):

A criminal
conviction should not be overturned for non-constitutional error if the
appellate court, after examining the record as whole, has fair assurance that
the error did not influence the jury, or had but a slight effect.  

 

Johnson v. State, 967
S.W.2d 410, 417 (Tex.Cr.App.1998). 
Here, the State=s
comment did not rise to such a level that appellant=s substantial rights were affected; it did
not influence the jury or have an inconsequential effect on the verdict.  Appellant=s third point of error is overruled.

The
judgments of the trial court are affirmed.

 

JIM
R. WRIGHT

JUSTICE

November 15, 2001

Do not publish.  See TEX.R.APP.P 47.3(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.