

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00167-CR

**ARANDAL CARY HIGHTOWER**
**AKA ARENDALL CARY HIGHTOWER,**

               **Appellant**

 **v.**

**THE STATE OF TEXAS,**

               **Appellee**

---

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2011-736-C2

---

## MEMORANDUM OPINION

---

In this appeal, appellant, Arandal Cary Hightower a/k/a Arendall Cary Hightower, challenges his convictions for: (1) aggravated sexual assault of a child, a first-degree felony, *see* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (e) (West Supp. 2012); and (2) indecency with a child by contact, a second-degree felony. *See id.* § 21.11(a)(1), (d) (West 2011). In one issue, appellant complains that the trial court erred in overruling his objection to the State's closing argument. We affirm.

# I.    BACKGROUND

Here, appellant was charged by indictment with one count of aggravated sexual assault of a child, T.D., and two counts of indecency with a child by contact.[1]  The indictment also contained:   (1) an enhancement paragraph referencing appellant's September 29, 2005 felony conviction for unlawful possession of a controlled substance; and (2) a habitual allegation pertaining to appellant's August 24, 1989 felony conviction for injury to a child.  In any event, during trial, the State abandoned one of the counts of indecency with a child by contact and proceeded against appellant on the remaining charged counts.

The evidence at trial showed that appellant knew T.D. through T.D.'s grandmother, who was caring for T.D. at the time.  Apparently, appellant and T.D.'s grandmother were "going together," and on the day in question, T.D. was at the grandmother's apartment with T.D.'s stepbrother and appellant.

T.D. testified that she was lying on a bed with her stepbrother and appellant while her grandmother was away.  At some point, appellant "got under the cover[s] when I got under the cover[s] and he told me to unbutton my pants."  T.D. refused to do so, but appellant began "feeling on [her]."  T.D. recalled that appellant touched her breasts under her shirt and that he "put his hand inside [her] pants and then he was rubbing on it."  Later testimony revealed that T.D. accused appellant of also penetrating her vagina with his finger.

---

[1] The record reflects that T.D. was nine years old at the time of the incident.  To protect her identity, we will use initials to refer to T.D. and her family members.

T.D. made outcry statements to several family members, including her grandmother, who did not believe her. After hearing T.D.'s outcry, T.D.'s grandmother forced her to speak to appellant on the telephone about the incident. In this conversation, appellant denied any involvement. Instead, he asserted that he was merely tickling or wrestling with T.D. Eventually, another family member called the police to report the incident. T.D. was interviewed, and a sexual-abuse exam was administered. Several of T.D.'s family members were interviewed. T.D.'s stepbrother, who was present at the time of the incident, stated that appellant tried to "rape" T.D. and that he got on top of her and tried to "take off her pants." Appellant was also interviewed about the incident. A videotape of appellant's interview was admitted into evidence.

At the conclusion of the evidence, the jury found appellant guilty of one count of aggravated sexual assault of a child and one count of indecency with a child by contact. Appellant pleaded "true" to the enhancement and habitual allegations contained in the indictment. The jury assessed punishment at life incarceration in the Institutional Division of the Texas Department of Criminal Justice for the aggravated-sexual-assault-of-a-child count and sixty years' confinement for the indecency-with-a-child-by-contact count. The trial court ordered that the imposed sentences run consecutively. This appeal followed.

## II.   ANALYSIS

In his sole issue, appellant contends that the trial court erred in overruling his objection to comments made by the State in closing argument that he was yawning,

bored, and considered this case to be "no big deal." Specifically, appellant argues that these statements improperly commented on his failure to testify at trial.

## A. The State's Closing Argument

The portion of the State's closing argument about which appellant complains is as follows:

| | |
|---|---|
| [The State]: | And—and talking about liberty interest at stake and how important it is when you find beyond a reasonable doubt. This man can't stop yawning at his own trial. He is bored to tears hearing the arguments made at his trial to determine the outcome of his liberty— |
| [Defense counsel]: | Your Honor, I'm going to object. That's a comment on his right to testify at this point[,] and I think it's highly inappropriate[,] and I'd ask that the jury disregard her last argument. |
| THE COURT: | The objection is overruled. |
| [The State]: | This man is yawning because he's bored. He's bored with his trial. That's what this means to him. No big deal— |
| [Defense counsel]: | Your Honor, I object. That is a comment on his right not to testify. |
| THE COURT: | Your objection is overruled. |

## B. Applicable Law

We review a trial court's rulings on objections to argument for abuse of discretion. *York v. State*, 258 S.W.3d 712, 717 (Tex. App.—Waco 2008, pet. ref'd). Proper jury argument falls within one of four general areas: (1) summation of evidence; (2) reasonable deductions from the evidence; (3) answers to arguments of opposing

counsel; and (4) pleas for law enforcement. *Lagrone v. State*, 942 S.W.2d 602, 619 (Tex. Crim. App. 1997). To determine whether the argument properly falls within one of these categories, we consider the argument in light of the record as a whole. *Sandoval v. State*, 52 S.W.3d 851, 857 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). Jury argument must be extreme or manifestly improper or inject new and harmful facts into evidence to constitute reversible error. *Shannon v. State*, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996). Furthermore, in most cases, if error occurs, an instruction to disregard will cure any error committed. *Id.*

A prosecutor is permitted, during argument, to "draw from the facts in evidence all inferences which are reasonable, fair and legitimate, but he may not use jury argument to get before the jury, either directly or indirectly, evidence which is outside the record." *Jordan v. State*, 646 S.W.2d 946, 948 (Tex. Crim. App. 1983); *see Cantu v. State*, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997) (holding that the State has "wide latitude" in drawing inferences from evidence, as long as the inferences are reasonable and offered in good faith). The State may call the jurors' attention to that which they had an equal opportunity to observe, provided that such information is reflected in the record or is of such common occurrence "that its recognition requires no expertise before proper comment thereon may occur." *Jordan*, 646 S.W.2d at 948.

In *Good v. State*, the Texas Court of Criminal Appeals held that, although the State may allude during argument to a testifying defendant's demeanor while he testified, the State may not reference the defendant's non-testimonial courtroom demeanor as evidence of guilt. 723 S.W.2d 734, 736 (Tex. Crim. App. 1968); *see Wead v.*

*State*, 129 S.W.3d 126, 130 n.8 (Tex. Crim. App. 2004) ("We have recognized that, during closing argument at the guilt/innocence phase, a prosecutor may not properly comment upon the defendant's demeanor in the courtroom, since the defendant's demeanor in the courtroom is not evidence of guilt."). The *Good* court noted that a defendant's demeanor during a witness's testimony was not a proper subject for argument because "[i]t was not offered into evidence through any legally recognizable method of proof." *Good*, 723 S.W.2d at 736. "Allowing the State to summarize appellant's non[-]testimonial demeanor impermissibly placed appellant's demeanor before the jury through the prosecutor's unsworn jury argument." *Id.* Nevertheless, the Texas Court of Criminal Appeals has also noted that, if the record reflects that the defendant "misbehaved or conducted himself in the jury's presence in an unacceptable manner," this conduct is proper subject for discussion during argument. *Dickinson v. State*, 685 S.W.2d 320, 323 (Tex. Crim. App. 1984).

In both *Good* and *Dickinson*, the prosecutor referred to the defendant's orderly non-testimonial behavior as evidence of the defendant's lack of remorse and contrition. *See Good*, 723 S.W.2d at 735; *see also Dickinson*, 685 S.W.2d at 322. In both of these cases, the record did not include admitted evidence pertaining to the defendant's actual courtroom behavior and demeanor. *See Good*, 723 S.W.2d at 736 ("Appellant's demeanor during the complainant's testimony was not evidence subject to reference by the prosecutor."); *Dickinson*, 685 S.W.2d at 323 ("[W]e have yet to find, and the State does not refer us to any place in the record, any act on the part of the appellant that might enable us to conclude that he misbehaved or conducted himself in an improper

manner during the course of his trial."); *see also Jordan*, 646 S.W.2d at 947 (stating that the record did not contain evidence to support the prosecutor's argument imploring jurors to "look at the needle tracks on [appellant's arms]").

**C.    Discussion**

In his closing argument, appellant emphasized the reasonable-doubt standard and the importance of his liberty interest that was at stake in this case. The State argues that its comments about appellant's indifferent demeanor could be construed as a response to defense counsel's closing argument or as a reasonable deduction from the evidence. *See Lagrone*, 942 S.W.2d at 619. However, appellant did not testify in this case. As stated above, "[a] defendant's non[-]testimonial demeanor does not constitute evidence that may be referenced by the prosecutor. Allowing the prosecutor to comment on non[-]testimonial courtroom demeanor improperly places a defendant's demeanor before the jury through unsworn argument." *Mayberry v. State*, 830 S.W.2d 176, 178 (Tex. App.—Dallas 1992, pet. ref'd) (citing *Good*, 723 S.W.2d at 736). And "[b]ecause a defendant's non[-]testimonial demeanor is not evidence, it provides no basis for reasonable deductions from the evidence. Courtroom demeanor is simply irrelevant to the issue of guilt." *Id.* (citing *Good*, 723 S.W.2d at 737). Therefore, based on the foregoing, we cannot say that the State's comments during closing argument amounted to a reasonable deduction from the evidence.

The State also argues that its comments during closing argument were a response to appellant's emphasis during closing argument on his liberty interest. The *Mayberry* court noted that: "The invited argument rule allows the prosecution to go

outside the record to respond to unsubstantiated arguments made by defense counsel." *Id.* (citing *Johnson v. State*, 611 S.W.2d 649, 650 (Tex. Crim. App. [Panel Op.] 1981)). Here, appellant did not argue in his closing argument that his non-testimonial demeanor supported a judgment of acquittal; instead, he merely emphasized how important the jury's decision was to his liberty interest. We are not persuaded that the State's comments during closing argument were an appropriate response to appellant's emphasis on his liberty interest. Accordingly, the State's comments cannot be justified as invited argument.

Because the State does not contend that its comments during closing argument constituted a summation of the evidence or a plea for law enforcement, we cannot say that the comments fell within the four areas of acceptable jury argument; as such, we conclude that the State's comments about appellant's non-testimonial demeanor were improper. We must now conduct a harm analysis to determine the impact of this error.

## D. Harm Analysis

An erroneous ruling regarding comments made during argument is non-constitutional error subject to a harm analysis under Texas Rule of Appellate Procedure 44.2(b).[2]  *See* TEX. R. APP. P. 44.2(b); *see also Mosley v. State*, 983 S.W.2d 249, 259 (Tex.

---

[2] In his brief, appellant generally cites law that commenting on a defendant's failure to testify is constitutional error subject to analysis under Texas Rule of Appellate Procedure 44.2(a). *See* TEX. R. APP. P. 44.2(a). However, in reviewing his brief, we are not persuaded that Rule 44.2(a)-error analysis applies here, especially considering that most other cases involving similar error employ a Rule 44.2(b)-error analysis. *See Mayberry v. State*, 830 S.W.2d 176, 178-79 (Tex. App.—Dallas 1992, pet. ref'd); *see also Miles v. State*, Nos. 01-10-00784-CR & 01-10-00785-CR, 2011 Tex. App. LEXIS 8514, at \*\*13-14 (Tex. App.—Houston [1st Dist.] Oct. 27, 2011, pet. ref'd) (mem. op., not designated for publication); *Smith v. State*, No. 14-03-01174-CR, 2005 Tex. App. LEXIS 2133, at \*\*7-8 (Tex. App.—Houston [14th Dist.] Mar. 22, 2005, pet. ref'd) (mem. op., not designated for publication); *Cherry v. State*, No. 04-01-00046-CR, 2002 Tex. App. LEXIS 7310, at \*\*3-7 (Tex. App.—San Antonio Sept. 30, 2002, no pet.) (not designated for publication); *but see*

Crim. App. 1998). We disregard any non-constitutional error that does not affect a defendant's substantial rights by having a "substantial and injurious effect or influence in determining the jury's verdict." *Jabari v. State*, 273 S.W.3d 745, 754 (Tex. App.— Houston [1st Dist.] 2008, no pet.) (citing *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000); *see* TEX. R. APP. P. 44.2(b). We should not reverse a conviction for non-constitutional error if, after examining the record as a whole, we have "fair assurance that the error did not influence the jury, or had but a slight effect." *Jabari*, 273 S.W.3d at 754 (citing *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)).

Here, the focus of the closing arguments for both sides was on the credibility of T.D. The complained-of exchange was but a small portion of the State's closing argument. Most of the State's closing argument focused on the credibility of T.D.'s outcry and testimony. Moreover, the record contains ample evidence regarding the incident, including testimony from several witnesses recounting T.D.'s outcry and from T.D.'s stepbrother, who noted that he was present at the time of the incident and that appellant tried to take off T.D.'s pants and appeared to "rape" her.

After examining this record as a whole, we have fair assurance that the complained-of error did not influence the jury, or had but a slight effect. *See Johnson*,

---

*Dickinson v. State*, 685 S.W.2d 320, 323 (Tex. Crim. App. 1984) (holding that prosecutorial argument that points to a defendant's lack of remorse or contrition is an impermissible comment on a defendant's failure to testify). Furthermore, while the State's statements during closing argument were improper, we do not believe that they amount to a comment on appellant's failure to testify. *See Wead v. State*, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004) (citing *United States v. Jefferson*, 258 F.3d 405, 414 (5th Cir. 2001); *Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001)). The record does not reflect that the State's statements were manifestly intended to be a comment on appellant's failure to testify, nor were the statements of such a character that a typical jury would naturally and necessarily take the statements to be a commentary on appellant's failure to testify. *See Wead*, 129 S.W.3d at 130; *see also Bustamante*, 48 S.W.3d at 765.

967 S.W.2d at 417; *see also Jabari*, 273 S.W.3d at 754.  As such, we conclude that the complained-of error was harmless beyond a reasonable doubt.  *See Snowden v. State*, 353 S.W.3d 815, 824-25 (Tex. Crim. App. 2011) (concluding that a prosecutor's summation directing the jury to consider appellant's lack of present, in-court remorse was harmless beyond a reasonable doubt because it was isolated and imbedded within a legitimate argument and because "[t]he evidence against the appellant was substantial, if not overwhelming").[3]  We therefore overrule appellant's sole issue on appeal.

### III.   CONCLUSION

Having overruled appellant's sole issue on appeal, we affirm the judgments of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed October 3, 2013
Do not publish
[CRPM]

---

[3] We note that the *Snowden* court applied a Rule 44.2(a)-error analysis in arriving at is conclusion that the State's comments during closing argument were harmless beyond a reasonable doubt.  *See generally Snowden*, 353 S.W.3d 815 (Tex. Crim. App. 2011).